29877. HARALSON v. THE STATE.

NICHOLS, Chief Justice.

The defendant was indicted in two separate multi-count indictments charging armed robbery. The first indictment contained six counts and the second three counts. He was convicted on the first two counts of the first indictment and on all three counts of the second

indictment, and sentenced to ten years on each count, the sentences on each indictment running concurrently with the sentences on the second indictment to follow the sentences on the first. The defendant appeals from the judgment of conviction.

1. The first enumeration of error contends the court erred in permitting the state to ask a leading question of one of its witnesses. "The court may, in the exercise of its discretion, permit a party calling a witness to propound leading questions." *Butler v. State,* 178 Ga. 700, 703 (173 SE 856). See also Code § 38-1706. There is no merit in this enumeration of error.

2. The second enumeration of error contends the appellant was denied a thorough and sifting cross examination of the state's witnesses, in violation of Code § 38-1705. All of the questions to which objections were sustained were either argumentative, a misstatement of the witnesses' testimony or matters not within the witnesses' knowledge and were properly excluded. See *Harris v. Central Railroad,* 78 Ga. 525, 534 (3 SE 355); *Jackson v. State,* 225 Ga. 553, 556 (170 SE2d 281).

3. Error is enumerated upon the admission of alleged hearsay testimony relating to two of the armed robberies. In one instance a clerk in the store told a customer who arrived on the scene as the robbers were leaving, of the armed robbery, and the customer replied "They drove off in a Pontiac, kind of beige color." In the other instance complained of, the testimony of the owner of the store where the robbery occurred was admitted over objection. The owner testified that he arrived at the scene immediately after the robbery, asked a clerk what had happened and the clerk responded "We was robbed." The clerk also testified on direct examination the substantially same facts.

In *Southern R. Co. v. Brown,* 126 Ga. 1, 4 (54 SE 911), it was held: "In ascertaining [whether or not testimony comes within the res gestae] the time between the occurrence and the statement, the circumstances under which the statement was made, and the character of the statement itself are all matters to be considered. No arbitrary time can be fixed which will settle the question. No general rule can be laid down as to the circumstances."

Here the events were all part of one continuous transaction and so closely connected in time as to be free of afterthought, were not of a self-serving nature and were admissible as part of the res gestae.

4. Error is also enumerated on the admission of testimony by the police officer who conducted a line-up as to the identity of persons picked out of such line-up by other witnesses. This testimony was not subject to the objection that it is hearsay, and such enumeration of error is without merit. *Jackson v. State,* 225 Ga. 39 (9) (165 SE2d 711).

5. The evidence authorized the verdict and the trial court did not err in overruling the general grounds of the motion for new trial or the motion for directed verdict of acquittal.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 24, 1975 — DECIDED MAY 13, 1975.

*Jack Dorsey,* for appellant.

*Arthur K. Bolton, Attorney General, Julius C. Daugherty, Jr., Lewis R. Slaton, District Attorney, Carter Goode, Assistant District Attorney,* for appellee.