## 53655. BRUCE v. THE STATE.

MARSHALL, Judge.

The defendant appeals from his convictions of robbery by intimidation and aggravated assault. *Held:*

1. The appellant contends that the verdicts of *not guilty* of armed robbery (which the judge charged must be committed with an offensive weapon) and *guilty* of aggravated assault (which the judge charged must be with a deadly weapon, which they might find his fists to have been) were inconsistent.

The sequence of events as testified to by the victim was that the appellant first beat her with his fists, then

raped her, then took her money. Thus, the jury could have found that the initial beating with fists constituted the aggravated assault, and that the taking of the money was not done by the use of his fists ("offensive weapons"), but by *threat* of their use (thus authorizing the conviction of robbery by intimidation). Thus viewed, the conviction of aggravated assault was not inconsistent with the acquittal of armed robbery.

Furthermore, an assault becomes aggravated not only when it is made with a deadly weapon, as the judge charged, but also when there is an intent to murder, to rape, or to rob. Code Ann. § 26-1302 (Ga. L. 1968, pp. 1249, 1280; 1976, p. 543); *Harper v. State,* 127 Ga. App. 359 (3) (193 SE2d 259) (1972). Since there was some evidence of intent to rape, if not to rob, the conviction of aggravated assault would not be inconsistent for this additional reason. Enumerated error 1 is without merit.

2. Enumeration of error 2 complains of the admission in evidence of not only the *fact* of a conversation which a GBI investigative agent had with the appellant's wife concerning the appellant's activities the morning of the incident when he came home, but also the *content* of the conversation, which was allegedly prejudicial to the appellant.

"*Conversations* and similar evidence even though of a hearsay nature, when they are facts to explain conduct and ascertain motives [,] are admissible under Code § 38-302 as original evidence. See *Davis v. Farmers & Traders Bank,* 36 Ga. App. 415 (4) (136 SE 816) [1927]; *Bryant v. State,* 191 Ga. 686, 689 (14) (13 SE2d 820) [1941]; *Phillips v. State,* 206 Ga. 418, 419 (3) (57 SE2d 555) [1950]; *Coleman v. State,* 124 Ga. App. 313, 314 (2) (183 SE2d 608) [1971]." (Emphasis supplied.) *Nobles v. State,* 139 Ga. App. 371 (2) (228 SE2d 391) (1976).

The appellant's wife told the agent that her husband had come home at 2:30 a.m.; that he went directly to the bathroom and came back without his shirt; that the shirt he had been wearing before going into the bathroom was yellowish gold; and that she had then gone into the bathroom, seen that the commode was stopped up, and did not see the shirt in the bathroom. As a result of this conversation and the description of the appellant's attire,

the agent conducted a search of the commode and confiscated the described shirt, which actions could not have been adequately explained absent the evidence of the content of the conversation. The mere fact that it was also prejudicial does not alone make it inadmissible, because all defendants are ultimately convicted, if at all, by prejudicial evidence. Nor was the agent's testimony that Mrs. Bruce had identified her husband's shirt after its removal from the commode, inadmissible. A law enforcement officer is permitted to testify to a vocal fact of identification witnessed by himself without its being subject to a hearsay objection. See *Haralson v. State,* 234 Ga. 406 (4) (216 SE2d 304) (1975) and cit. This enumeration is without merit.

3. Enumerated error 3 contends that the prosecution was allowed to argue in his opening statement what the defendant's wife's testimony would be during the trial, whereas it was allegedly known at that time that she intended to invoke her privilege against testifying against her husband.

It does not clearly appear from the record that it was known that the wife would not testify. Her name appeared on the state's list of witnesses. When she was called by the state as a witness during the trial, she answered — upon being questioned by the state as to whether she recalled being asked several times whether she would testify and answering yes sometimes and no other times — "yes, but *I didn't say yes or not where* [sic] *I would testify or not."*

Further reference to the record reveals that the opening statement was not to the effect that she would testify such and such, but that "we intend to show . . ." and that "[t]he evidence will show in this case that this was related to the GBI agent . . ." Moreover, this statement could not be harmful error, since the testimony was properly admitted by way of the agent's testimony, as we held in Division 2 hereinabove. This enumeration is without merit.

4. The fourth enumeration of error is allowing the state in closing argument to argue the truth of the appellant's wife's statements, about which she had not testified. The appellant cites us to *Coleman v. State,* 127 Ga. 282 (1) (56 SE 417) (1907); *Cody v. State,* 124 Ga. 446

(1) (52 SE 750) (1905); and *Winget v. State,* 138 Ga. App. 433 (8) (226 SE2d 608) (1976). However, the truth of all facts commented on by the prosecution was established by competent testimony and reasonable deductions therefrom; therefore, the arguments were properly allowed.

5. The trial judge did not err, as urged in Enumeration 5, in allowing the state to call the appellant's wife as a witness. As we held in Division 3 hereinabove, it was not altogether clear that she would elect not to testify against her husband, apparently having equivocated on several occasions. Although the appellant now contends that his wife made an outcry twice during the trial when her name was mentioned as a witness for the state, to the effect that she would not testify against him, this is not contained in the record, nor was it argued during the questioning of the wife *out of the presence of the jury.* (The case of *Colson v. State,* 138 Ga. App. 366, 369 (14) (226 SE2d 154) (1976), cited by the appellant, is distinguishable in that the election there was made in the jury's presence.) Defense counsel did not object below to the calling of the witness in the presence of the jury, but merely to her being allowed or forced to testify at all. Although the jury was never made aware by the state or the court that the witness had invoked her privilege, defense counsel several times informed them that this had transpired. Even if the calling of this witness was error, it was not harmful or reversible under the circumstances.

6. Enumeration 6 is the overruling of defense counsel's repeated objection, during the prosecution's closing argument, to the use of the term "sexual deviate" in describing the defendant. Enumeration 7 is the trial judge's commenting to defense counsel in the presence of the jury that the assistant district attorney "had the right to conclude from the nature of the offense and the circumstances surrounding the offense . . . that it could be the work of some sort of sexual offender. It could be deviate, or maniac, or whatever word he might want to use. I think that he has got the right to deduct and conclude that from the event in question."

"In passing upon objections or motions on account of

improper argument, the judge is vested with a sound discretion, and his ruling thereon will not work a new trial unless it manifestly appears that his discretion was abused." *Ga. Power Co. v. Puckett,* 181 Ga. 386 (5) (182 SE 384) (1935). "Where the language complained of introduces no new fact but is merely a forceful though possibly extravagant method of impressing on the jury the magnitude of the offense and the solemnity of the duty of the jurors, no error is shown." *Leutner v. State,* 235 Ga. 77, 84 (7) (218 SE2d 820) (1975) and cits. Under this principle the courts have allowed defendants to be referred to as a "nefarious character" (*Ingram v. State,* 97 Ga. App. 468 (6) (103 SE2d 666) (1958)); a "thug" (*O'Bryant v. State,* 222 Ga. 326 (7) (149 SE2d 654) (1966)); a "murderer" (*Bailey v. State,* 138 Ga. App. 807 (4) (227 SE2d 516) (1976)); a "liar" (*Shy v. State,* 234 Ga. 816, 824 (III) (218 SE2d 599) (1975)); a "professional thief" (*Law v. State,* 121 Ga. App. 106 (7) (173 SE2d 98) (1970)); and a "brute, beast, an animal, and a mad dog who did not deserve to live" (*Miller v. State,* 226 Ga. 730 (5) (177 SE2d 253) (1970)), to name a few of the epithets. Since the defendant was indicted and tried for rape, and there was some evidence of rape, although apparently not enough for a conviction, it was not error to refer to the appellant as a "sexual deviate" or a "maniac."

As to the judge's contended expression of opinion, we think he was merely stating what we have held hereinabove, that the prosecution had the right to make these conclusions from the evidence. Even if this was error, however, "a party claiming he has been prejudiced by a trial judge's expression of opinion during the course of the trial, concerning what has been proved or the weight of the evidence, cannot raise this ground for the first time in a motion for new trial, but must make a motion for mistrial and give the trial judge an opportunity to correct any possible prejudicial effect of his remarks by appropriate instructions to the jury or other action." *Flanigan v. Reville,* 107 Ga. App. 382, 383 (5) (130 SE2d 258) (1963) and cits.

The judgment was not error for any reason urged.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED APRIL 6, 1977 — DECIDED APRIL 21, 1977 —
REHEARING DENIED MAY 6, 1977 —

*Spence & Milam, Oliver H. Doss, Jr., Ballew & Johnstone, James V. Johnstone,* for appellant.

*C. B. Holcomb, District Attorney, Frank C. Mills, III, Assistant District Attorney,* for appellee.