## 62815. GIBSON v. THE STATE.

QUILLIAN, Chief Judge.

The defendant appeals from his conviction on two counts of armed robbery. *Held:*

1. It is contended the trial court erred in permitting the past recorded testimony of the victim of the robbery alleged in Count 2 to be admitted in evidence because "there was not adequate evidence of [a] inaccessibility of the witness, or [b] diligence on the part of the state in locating her."

Gloria Jean Dupree, a clerk at a Majik Market on Central Avenue in Augusta, testified at the preliminary hearing that on the night of July 2, 1980, shortly after 9:00 p.m., a young black man came into the store, bought a soda, and handed her a dollar. After she opened the cash register to make change, the man produced an ice pick and stated: "This is a robbery." She stepped back from the register and he removed approximately $40.00. She identified the defendant as the robber. She had seen him earlier in the evening in the store but there were other customers in the store and he had left. She first identified the defendant from his picture in a photo lineup of ten to twelve photographs. She advised the police he probably lived in the area near the store as "he had been in the store a couple of times before."

The trial calendar for this case was published "three weeks" before trial on September 29, 1980. (Approximately Sept. 8.)

Subpoenas were requested by the District Attorney on September 18. The sheriff's office was unable to locate Gloria Jean Dupree, and returned the subpoena to the District Attorney. On Thursday, September 25, an investigator for the District Attorney's office began an attempt to locate the missing witness. By Friday, September 26, he found out she had moved from her residence on September 13 or 14 to join her husband, a soldier in the U. S. Army stationed in Frankfurt, West Germany. The trial was held the following Monday, September 29, 1980.

(a) Our Code provides that "[t]he testimony of a witness . . . inaccessible for any cause, given under oath on a former trial, upon substantially the same issue and between the same parties, may be proved by anyone who heard it . . ." Code Ann. § 38-314 (Code § 38-314). The testimony of this witness had been given at the preliminary hearing in this case. The trial involved the same parties, and substantially the same issues. The defendant had counsel and the witness was subject to cross examination by defendant. Thus, testimony of a witness at a preliminary hearing is admissible at the main trial under this section. *Stidem v. State,* 246 Ga. 637 (1) (272 SE2d 338).

The general rule is that the issue of inaccessibility of a witness lies largely within the discretion of the trial judge. *LaCount v. State,* 237 Ga. 181, 182 (227 SE2d 31). Hence, where the witness is outside the jurisdiction of the court — and, as in this case in a foreign country, we do not find an abuse of discretion. *Brown v. State,* 245 Ga. 588 (1) (266 SE2d 198); *LaCount v. State,* 237 Ga. 181, 182, supra.

(b) The question of diligence in production of a witness by the party offering the testimony is also an issue addressed to the sound discretion of the trial court. *Gaither v. State,* 227 Ga. 668, 669 (182 SE2d 434).

This case was placed on the trial calendar approximately September 8, subpoenas issued around September 18, and the sheriff's office was unable to locate the witness, who had departed for Germany on September 13, or 14. The District Attorney's office assigned a special investigator to find the missing witness on September 25. However, any action taken after the witness had departed for Germany would have been fruitless. Under these circumstances, we find no abuse of discretion. *Cohen v. Brunson,* 14 Ga. App. 170 (2) (80 SE 679); *Norris v. State,* 58 Ga. App. 399 (1b) (198 SE 714); *Hewell v. State,* 136 Ga. App. 420, 422 (221 SE2d 219); *Milstead v. State,* 155 Ga. App. 407 (2) (270 SE2d 820); *Robinson v. State,* 128 Ga. 254 (1) (57 SE 315); *Whatley v. State,* 230 Ga. 523 (198 SE2d 176).

2. Counsel for the defendant alleges he was unduly restricted in

his right to a thorough and sifting cross examination of a state's witness. Counsel was cross examining the victim of the first armed robbery and asked: "Now, is this the ice pick that was used? Ms. Carlton: It appears to be the same. Mr. Leiden: Well, I mean, are you positive? Ms. Carlton: It looks like the same one. Mr. Leiden: Well, let me ask you this. A man can go to jail for life; now, are you positive?" The district attorney objected and was sustained.

It is true that the right of a thorough and sifting cross, examination belongs to the defendant as to the witnesses against him. Code Ann. § 38-1705 (Code § 38-1705). However, the scope of cross examination is not unlimited and the extent of permissible cross examination lies within the sound discretion of the trial judge. *Decker v. State,* 139 Ga. App. 707, 708 (229 SE2d 520). The court made it perfectly clear that his ruling went only to the comment of counsel that "[a] man can go to jail for life . . ." He asked counsel: "Do you think that is a proper statement to make in this trial setting? . . . This jury is not here to decide or to determine or to be concerned with punishment . . ." Counsel was not curtailed in cross examination — only from making improper statements to the jury. This enumeration is without merit. *Whitley v. State,* 137 Ga. App. 68 (1) (223 SE2d 17); *Crawford v. State,* 154 Ga. App. 362 (2) (268 SE2d 414).

3. The defendant objected to the testimony of a police officer that he took a photographic lineup to the residence of one of the robbery victims and "[s]he picked the defendant out . . ." Defendant's objection, on the ground of hearsay, was overruled. Following this the officer stated: "Mrs. Dupree identified defendant, Robert Jerome Gibson, as the person who had robbed her on the night of July 2nd at the Majik Market on the 2600 block of Central Avenue, using an ice pick as a weapon." There was no objection to this testimony. Thereafter when the officer testified that when he asked the victim if she could identify the ice pick that had been found in defendant's possession at the time of his arrest, counsel objected to the answer: "she said that's the ice pick." This objection was also overruled.

The state did not attempt to offer such testimony under Code Ann. § 38-302 (Code § 38-302) as conversation during a legal investigation used to explain conduct, but offered such extra-judicial identification under the authority of *Bruce v. State,* 142 Ga. App. 211, 213 (235 SE2d 606), wherein this court held: "A law enforcement officer is permitted to testify to a vocal fact of identification witnessed by himself without its being subject to a hearsay objection." *Bruce,* cited *Haralson v. State,* 234 Ga. 406 (4) (216 SE2d 304), which held "admission of testimony by the police officer who conducted a line-up as to the identity of persons picked out of such line-up by other witnesses . . . was not subject to the objection that it is hearsay,

and such enumeration of error is without merit."

Legal controversy surrounds extra-judicial identification of a defendant as the perpetrator. See Annot. 71 ALR2d 449. Support and condemnation can be found for testimony of a third person which merely witnessed *the act of identification,* as well as recounting *the testimony of the identifier,* and whether each or both are hearsay. Annot. 71 ALR2d 449, 483 § 13. In the instant case the objection of counsel was to testimony of the officer that "[s]he picked the defendant out . . ." Counsel did not object to that officer's testimony that "Mrs. Dupree identified the defendant, Robert Jerome Gibson, as the person who had robbed her . . ." The first recounts a fact observed by the witness, the latter repeats the testimony of the missing witness. The Supreme Court has held: "Anything [the officer] testified to concerning either a verbal identification or a physical gesture pointing out which of the suspects was being identified would be inadmissible hearsay . . ." *Brown v. State,* 234 Ga. 632, 633 (217 SE2d 150). However, since *Brown* failed to distinguish or mention contrary prior rulings in *Montos v. State,* 212 Ga. 764, 767 (95 SE2d 792) (which approves "the fact that she identified the defendant's picture from a number of photographs" — so long as there was no testimony "as to any statement made"); *Salisbury v. State,* 222 Ga. 549 (2) (150 SE2d 819) (permitted "a State's witness to testify that a victim of the robbery identified the accused."); *Jackson v. State,* 225 Ga. 39 (9) (165 SE2d 711) (approved officer testifying victim "picked (the accused) out of the line-up"); the court in *Painter v. State,* 237 Ga. 30, 32 (226 SE2d 578) "decline[d] to follow *Brown*" but left open "whether it will be followed in later cases" (Id.) because of the decision in *Peebles v. State,* 236 Ga. 93 (1) (222 SE2d 376) in which the court decided: "Testimony as to the *fact* that the accused is identified is not inadmissible hearsay." (Emphasis supplied.) The history of the current rule has been recounted for guidance as it is not a settled question that *testimony* of an absent witness as to identification of a defendant as the perpetrator is admissible for the truth of the matter asserted. See Code Ann. § 38-301 (Code § 38-301); 11A EGL 82 § 4l; 11A EGL 94 § 53; Green, Ga. Law of Evidence 493, § 217; Id. p. 502, § 225; Agnor's Evidence 205 § 11-1. In the present case, the testimony of the absent witness was unobjected to and is not preserved as an issue on appeal.

Pretermitting the ratio decidendi of the foregoing decisional criteria, we have found no reversible error where evidence as to the identity of the defendant as the perpetrator of the robbery had already been admitted through the testimony of the victim, who was then in Germany, and she had also testified the defendant had used an ice pick to accomplish robbery. Thus, when the defendant had an

ice pick in his possession when he was arrested, whether or not it was identified as the "same" weapon used to accomplish the robbery, it was "similar" to the weapon used in the commission of the crime and admissible. *Sinkfield v. State,* 231 Ga. 875 (2) (204 SE2d 588); *Herlong v. State,* 236 Ga. 326 (2) (223 SE2d 672). Accordingly, where the same evidence has been admitted elsewhere in the record reversible error does not result. *Payne v. State,* 152 Ga. App. 471, 473 (263 SE2d 251).

4. We have found no abuse of discretion by the trial court in propounding questions to the defendant's witnesses. It is within the discretion of a trial court to question witnesses to clarify issues, and assist in the ascertainment of the truth, so long as it does not intimate or express an opinion as to what has or has not been proved, or as to the guilt or innocence of the defendant. Code Ann. § 81-1104 (Code § 81-1104); *King v. State,* 121 Ga. App. 347 (3) (173 SE2d 746); *Lofton v. State,* 142 Ga. App. 579, 580 (236 SE2d 508); *Eubanks v. State,* 240 Ga. 544, 547 (242 SE2d 41). While it does not appear that the trial court committed harmful error, the failure of counsel to object to any question, or to move for a mistrial, estops him from raising an objection on appeal. *Ezzard v. State,* 229 Ga. 465 (2) (192 SE2d 374); *State v. Griffin,* 240 Ga. 470 (241 SE2d 230); *Driggers v. State,* 244 Ga. 160 (2) (259 SE2d 133).

5. The remaining enumeration is without merit.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 9, 1981 —
REHEARING DENIED DECEMBER 4, 1981.

*Terrance P. Leiden,* for appellant.

*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.