69886. WOODARD v. THE STATE.
(333 SE2d 645)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of robbery by intimidation. *Held*:

1. Prior to trial the defendant filed his request for copies of all statements given by him while in police custody. See in this regard OCGA § 17-7-210. When, at trial, the State presented testimony as to a portion of defendant's statement which had not been provided, defendant moved for a mistrial. The trial court denied the motion for mistrial, suppressed the evidence and gave curative instructions to

the jury. Defendant now enumerates as error the denial of his renewed motion for mistrial. The corrective measures taken by the trial court were proper and consistent with the express preference of defense counsel. We find no abuse of the trial court's discretion in determining appropriate corrective measures where inadmissible matters are presented to the jury. *Lee v. State*, 166 Ga. App. 644, 645 (2) (305 SE2d 175).

2. Defendant contends that the trial court erred in directing the court reporter to provide to defendant a transcript which contains "only such portion of voir dire and oral arguments which objection was made to or upon which a ruling of the Court was made which is subject to review." This contention is without merit. *Gardner v. State*, 172 Ga. App. 677, 679 (4) (324 SE2d 535).

3. A law enforcement officer testified that he had presented a photo spread, containing a photograph of defendant, to witnesses to the robbery. Defendant objected to the officer's testimony in regard to the identification of defendant by one of the eyewitnesses to the crime on the grounds that particular eyewitness was not present at trial and available to testify. Defendant argues that the evidence at issue was hearsay and not offered for the purpose of explaining the officer's conduct. See in this regard *Teague v. State*, 252 Ga. 534 (314 SE2d 910). However, we have previously held that: "A law enforcement officer is permitted to testify to a vocal fact of identification witnessed by himself without its being subject to a hearsay objection." *Bruce v. State*, 142 Ga. App. 211, 213 (235 SE2d 606). Such testimony is not offered under the provisions of OCGA § 24-3-2. *Gibson v. State*, 160 Ga. App. 615, 617 (3) (287 SE2d 595). This enumeration of error is without merit.

4. Defendant enumerates as error the failure of the trial court to give in its charge the language of OCGA § 24-9-85 which provides that a witness who shall knowingly swear falsely shall be disregarded entirely unless corroborated by other evidence. The trial court's charge contained the substance of the requested Code section. The jury was instructed "about the believability of witnesses and disbelieving a discredited witness." *Poteat v. State*, 251 Ga. 87, 89 (3) (303 SE2d 452). Therefore, the failure to charge the exact language of the Code section was not error. *Mitchell v. State*, 169 Ga. 630, 631 (1) (314 SE2d 468). See also *LaPan v. State*, 167 Ga. App. 250, 252 (2) (305 SE2d 858).

5. Defendant's final enumeration of error raises the issue of the sufficiency of the evidence. The State's evidence shows that defendant was a regular customer at Handi Hub (apparently a convenience store). At about 10:50 p.m. defendant was standing outside the store with a group of people including Green. Between 11:00 p.m. and 12:00 p.m. defendant was outside the store with Green and Gordon. Shortly

after midnight defendant and Gordon entered the store, went to the beer cooler, and each took a six pack of beer to the checkout counter. At that time Green walked in and demanded all the money in the register. Green was carrying an object which the assistant manager of the store thought was the barrel of a weapon. Defendant stood by without expression as Green emptied the cash register. After Green got the money Gordon walked to the door and held the door open as Green and defendant walked out of the store. As Green, Gordon and defendant walked away from the store they were talking and smiling. Also, defendant took the beer he had taken from the cooler with him without paying for it. Green, who had pleaded guilty, testified as to defendant's complicity in the planning and execution of the robbery.

We conclude that a rational trier of fact reasonably could have found that the defendant was guilty beyond a reasonable doubt of the offense of robbery by intimidation. *Bradford v. State*, 173 Ga. App. 792 (2) (328 SE2d 409); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JULY 1, 1985 —
REHEARING DENIED JULY 12, 1985.

*G. Terry Jackson*, for appellant.
*Spencer Lawton, Jr.*, District Attorney, *David T. Lock*, Assistant District Attorney, for appellee.