## A93A0223. WADE v. THE STATE.
(431 SE2d 398)

JOHNSON, Judge.

Anthony Deon Wade was convicted of criminal attempt to commit armed robbery, aggravated assault, and possession of a firearm during the commission of a crime in connection with an incident in the parking lot of a shopping mall. Wade's motion for a new trial was denied and the trial court entered an order allowing this out-of-time appeal.

1. Wade complains that the trial court erred in allowing a police officer to testify that an eyewitness, who was not present and available to testify at trial, identified Wade from a photographic lineup as the perpetrator of the crimes charged. Wade claims that the officer's testimony was inadmissible hearsay. In admitting the evidence, the trial court relied on *Woodard v. State*, 175 Ga. App. 449 (333 SE2d 645) (1985), in which we held: "A law enforcement officer is permitted to testify to a vocal fact of identification witnessed by himself without its being subject to a hearsay objection. Such testimony is not offered under the provisions of OCGA § 24-3-2." (Citations and punctuation omitted.) Id. at 450 (3). Wade concedes that *Woodard* is controlling, but urges us to overrule it.

Even if we agree that *Woodard* should be overruled, we are not able to overrule it because in *Haralson v. State*, 234 Ga. 406 (216 SE2d 304) (1975), the Georgia Supreme Court held that "[t]estimony by the police officer who conducted a line-up as to the identity of persons picked out of such line-up by other witnesses . . . was not subject to the objection that it was hearsay." Id. at 408 (4). Thus, *Haralson* would remain as the controlling authority and we would be constrained to follow it even if *Woodard* did not exist.

We believe the decisions in *Haralson* and *Woodard* are incorrect because they are obvious deviations from the hearsay rule which are not based on sound legal reasoning. A review of the etiology of the *Woodard* decision reveals the lack of legal foundation for the proposition that such testimony is not hearsay. *Woodard* cites but does not address the issues raised in *Gibson v. State*, 160 Ga. App. 615 (287 SE2d 595) (1981). In *Gibson*, the subject of extrajudicial identifica-

tion of a defendant is discussed in detail, and we noted that "it is not a settled question that *testimony* of an absent witness as to the identification of a defendant as the perpetrator is admissible for the truth of the matter asserted." (Emphasis in original.) Id. at 618 (3). After a thorough analysis, the *Gibson* court concluded that it could not reach the issue, as a proper objection to the evidence had not been preserved for appeal. Rather, *Woodard* relies upon *Bruce v. State*, 142 Ga. App. 211 (235 SE2d 606) (1977), in which it was held that "(a) law enforcement officer is permitted to testify to a vocal fact of identification witnessed by himself without its being subject to a hearsay objection." Id. at 213 (2).

*Bruce* relies upon the Supreme Court's decision in *Haralson v. State*, supra, which is quoted above. *Haralson* refers us to *Jackson v. State*, 225 Ga. 39, 47 (9) (165 SE2d 711) (1969), which purports to address the issue of whether the "testimony of a police officer as to line-up identification of the appellant by the victim . . . was mere hearsay." The court concludes that the testimony was not hearsay, but the analysis by which the conclusion is reached examines a different issue, i.e., conflicts in the officer's testimony. The cases cited in that discussion refer to the admissibility of inconsistent testimony rather than hearsay. We question, therefore, whether in deciding *Haralson*, the Supreme Court's reliance upon *Jackson* was well-placed. Despite our reservations about the evolution of the rule and our concerns as to whether or not it represents "good law," we are constrained at this time to follow it.

2. Wade's second enumeration asserts that trial counsel was ineffective because his objection to the testimony discussed in Division 1 was based only on hearsay grounds and did not preserve an objection based on a violation of Wade's Sixth Amendment right to confrontation. "Pursuant to the two-prong test enunciated in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), defendant must meet two tests in order to prevail on his ineffective assistance of counsel claim: 1) he must show that the trial counsel's performance was deficient in that he made errors so serious that he was not functioning as the 'counsel' guaranteed defendant by the Sixth Amendment; 2) defendant must show that the defense was prejudiced by the deficient performance so that defendant was deprived of a fair trial, one whose results were reliable. . . . Regarding the second prong of the test, the defendant must show that the deficient performance actually prejudiced the defense. In other words he must show there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's unprofessional errors." (Citations and punctuation omitted.) *Concepcion v. State*, 205 Ga. App. 138, 139 (421 SE2d 554) (1992). Wade has failed to show any prejudice resulting from counsel's failure to object to the testimony

on this ground. In addition to the testimony of the victim and one eyewitness identifying Wade as the perpetrator, the license tag number of the truck which Wade drove from the scene was noted. The owner of the truck testified that he had loaned the truck to Wade on that day and that a gun was in the truck. Considering the totality of the evidence we conclude that trial counsel's failure to object to the testimony on a second ground did not affect the outcome of the case. The trial court's finding that Wade was afforded effective assistance of counsel must be upheld unless clearly erroneous. See *Garrett v. State*, 196 Ga. App. 872, 874 (1) (397 SE2d 205) (1990). We find Wade's enumeration of error relating to ineffective assistance of counsel to be without merit.

*Judgment affirmed. Senior Appellate Judge John W. Sognier concurs. Blackburn, J., concurs in judgment only.*

DECIDED APRIL 27, 1993 —
RECONSIDERATION DENIED MAY 25, 1993.

*Charles R. Sheppard*, for appellant.
*Michael C. Eubanks, District Attorney, Richard E. Thomas, Scott A. Drake, Assistant District Attorneys*, for appellee.