636 A.2d 130

STATE OF NEW JERSEY, PLAINTIFF, v.
ANTHONY DUDLEY, DEFENDANT.

Superior Court of New Jersey
Law Division Hudson County

Decided May 5, 1993.

*Herbert Erving Walker, III,* Assistant Prosecutor, for plaintiff (*Carmen Messano,* Hudson County Prosecutor, attorney).

*Robert M. Kalisch,* Assistant Deputy Public Defender, for defendant (*Zulima M. Farber,* Public Defender, attorney).

OLIVIERI, J.S.C.

The issue at bar is the admissibility of the out-of-court statements of an unavailable declarant when the statements do not fall within any of New Jersey's recognized hearsay exceptions.

Defendant Anthony Dudley, charged with the April 26, 1992, shooting of Christopher Mathis, was indicted for attempted murder, armed robbery, aggravated assault and related weapons offenses. A co-defendant, Curtis Bellamy, pled guilty to a fourth degree weapons offense stemming from the same incident and, at a pre-trial interview, testified that Dudley had admitted to shooting the victim. The State also produced an eyewitness who identified Dudley as the shooter.

The victim, presented with a photo array on April 28, 1992, made a positive identification of Curtis Bellamy, the co-defendant, as his assailant. Mathis also gave a taped statement to the Jersey City police naming Bellamy. On viewing a second photo array on April 29, the victim picked out the defendant Dudley, but stated that "it looks a little like him, but it's not."[1] At time of trial the taped statement and police reports recounting the victim's photo array IDs were available, but the victim himself was not.[2]

At the close of the State's case, defense counsel moved for the admission of Mathis's out-of-court statements. The State objected, claiming that the proffered statements do not fall within any recognized exception to the hearsay rule. A *Rule* 8 hearing was held. Two Jersey City police officers testified that at the time of the photo identifications and the taped statement the victim was alert and responsive, that no undue pressure was put upon him, and that Mathis's identification of Curtis Bellamy as his assailant was clear and positive. They further stated that proper police procedures were followed.

██ In New Jersey, hearsay is inadmissible at trial unless it

---

[1] The police report included quotation marks around the statement.

[2] A hearing on the issue of the victim's unavailability was held. The court declared Mathis unavailable through no fault or intervention of the State or the defense, and unable to be found by all possible efforts.

falls within a specific exception to the hearsay rule.[3]   There is no residual hearsay exception in New Jersey comparable to the Federal Rules of Evidence "other" category.[4]   The court and counsel agreed that the hearsay at issue is not covered by any New Jersey exception.[5]

■   The underlying rationales for the hearsay rule are to exclude testimony that is unreliable and to preserve the right of the opposing party to test by cross-examination the veracity and accuracy of the person making the statement.   31A *C.J.S. Evidence* § 193 (1964).

■   The primary reasons for any exceptions to the hearsay rule are necessity and a circumstantial guarantee of the trustworthiness of the offered evidence.[6]   Circumstances bearing on reliability when a declarant is unavailable include consideration of:

1) the circumstances under which the statement was given and extent to which it is the witness' own account;

2) the manner in which the statement was recorded ...;

3) any pressures, physical or psychological which were exerted upon the witness which might affect his motive to lie or tell truth;

4) the opportunity to cross-examine or otherwise test the reliability of the witness;

5) the character of the witness for truthfulness and honesty and the availability of evidence on the issue;

---

[3] Evidence of a statement offered to prove the truth of the matter stated which is made other than by a witness while testifying at a hearing is hearsay evidence and is inadmissible except as provided in *Evid.Rules* 63(1) through 63(33). *Evid.R.* 63.

[4] *Fed.R.Evid.* 804(b)(5) is a catch-all exception which requires that there be circumstantial guarantees of trustworthiness and that "the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence."

[5] The court notes that while New Jersey has adopted many of the Federal Rules, 804(b)(5) has been deliberately excluded.   Biunno, *Current N.J. Rules of Evidence,* comment on *N.J.R.E.* 804(b) (1993).

[6] 29 *Am.Jur.2d Evidence* § 496 (1967).

6) the indicia of reliability of statement by ... other factors outside of the statement itself;

7) how necessary the statement is to the prosecution and how, incriminating it is to the defendant; [7] and

8) whether either party caused or procured unavailability of the witness.

[*U.S. v. Vigoa*, 656 *F.Supp.* 1499, 1511–12 (D.N.J.1987), *aff'd* 857 *F.*2d 1467 (3d Cir.1988).]

■ *Vigoa* further posits that the statements of an unavailable declarant should only be admitted in a criminal trial under "compelling and special circumstances". *Id.* at 1511.

■ In the instant case, the court evaluates the facts against both the standard rationales for any exception to the hearsay rule and against the more stringent *Vigoa* standard applicable to a legally unavailable declarant.

As to necessity, it is clear that the police reports and transcripts of the victim's statement are all that the court will have from the unavailable victim. Thus, "the particular information is not obtainable in a more authentic form from the same source." 31A *C.J.S. Evidence* § 204 (1964).

An evaluation of the reliability of this evidence against the criteria laid out in *Vigoa* produces significant guarantees of trustworthiness. The taped statement and the photo identifications occurred not long after the incident. They were taken separately by two members of the Jersey City police (who were themselves available for cross-examination). Mathis's taped statement is an accurate representation of the victim's own account.

Police reports in general carry certain indicia of reliability. The police are trained in taking such statements, and recording them in reports is an integral part of their daily activities. It is reasonable to assume the accuracy of the recording of the victim's statements. As noted above, both police officers were available

---

[7] Note that the focus is on defendants' rights.

for cross-examination at trial.[8] In sworn testimony, both officers stated that Mathis was not subjected to undue pressure of any kind, and that he was alert, responsive and clear in his statements. Untrustworthiness of testimony generally results from lack of knowledge of the facts or from a motive to misrepresent them due to bias or self-interest. 31A *C.J.S. Evidence* § 213-15 (1964). There is no evident reason for Mathis to be lying in this situation.

The most significant factor in determining the admissibility of the proffered evidence is the importance of the statements to the *defense*. Given that the unavailable declarant is the victim, and that his statements are *exculpatory* to the defendant, the court finds that the "special and compelling circumstances" standard of *Vigoa* has been met.

To allow the introduction of trustworthy evidence exculpatory to the defendant is clearly warranted. The relevant policy guiding the trial courts in New Jersey was stated by the Supreme Court in *State v. Taylor*, 46 *N.J.* 316, 217 *A.*2d 1 (1966):

> In a criminal case where a person's life or liberty is at stake and guilt must be proven beyond a reasonable doubt, a court should be reluctant to broaden the scope of an exception to the hearsay rule unless the type of statement sought to be admitted carries with it strong and convincing indicia of trustworthiness. Further, this reluctance should be particularly great when the declarant ... is available and able to testify at the trial.

[*Id.* at 332, 217 *A.*2d 1].

■ The above policy is clearly founded on concerns for the rights of the defendant,[9] and should be read in the negative in this

---

[8] *See U.S. v. Boulahanis*, 677 *F.2d* 586 (7th Cir.), *cert. den.*, 459 *U.S.* 1016, 103 *S.Ct.* 375, 74 *L.Ed.*2d 509 (1982) (hearsay admissible if witness offering hearsay is available for cross-examination and circumstances under which the hearsay statement was made indicate that the content was probably true).

[9] While judicially recognizing certain exceptions over the years (e.g., probation reports, some medical records), New Jersey courts have been unwilling to carve out new exceptions to the hearsay rule when the evidence cuts against the defendant in a criminal case. *See, e.g., State v. Downey*, 206 *N.J.Super.* 382, 502

case. The hearsay rule itself is primarily designed to protect the defendant's Sixth Amendment right to confront the witnesses against him or her.[10] The strong presumption against the admission of testimony of an unavailable declarant in a criminal trial is based on the intrusion upon this right. *Vigoa, supra,* 656 *F.Supp.* at 1510. The classic Confrontation Clause concerns are not at issue here, as it is the State claiming exclusionary protection. On the contrary, the exclusion of hearsay in this case, rather than inclusion, is prejudicial to the defendant.

The unavailable victim's exculpatory hearsay statements given to police [11] and carrying indicia of trustworthiness should be admitted into evidence in the interests of justice.

---

A.2d 1171 (App.Div.1986) (court rejects admission of letter written by murder victim which states that the defendant is "out to get him").

[10] *See, W.W. v. I.M.,* 231 *N.J.Super.* 495, 506, 555 A.2d 1149 (App.Div.1989) ("The essence of the rationale behind hearsay inadmissibility is the absence of an opportunity for cross-examination"). *See also, State v. Williams,* 182 *N.J.Super.* 427, 434–438, 442 A.2d 620 (App.Div.1982) (reviewing fundamental rights of defendants under the Confrontation Clause).

[11] Other jurisdictions permit law enforcement officers to testify as to identifications made in their presence by witnesses unavailable at trial without being subject to hearsay objections. *See, e.g., State v. Woodard,* 175 *Ga.App.* 449, 333 *S.E.*2d 645 (Ct.1985); *People v. Ortiz,* 119 *Misc.*2d 572, 463 *N.Y.S.*2d 713 (1983).