## A93A1587. HOLT v. THE STATE.
### (435 SE2d 288)

McMurray, Presiding Judge.

Defendant was convicted of burglary and he appealed. *Held:*

1. In his first enumeration of error, defendant contends the trial court erred in admitting a bloodstained towel into evidence, arguing that it was not relevant. We disagree. The evidence demonstrated that a burglar entered the victim's house by breaking a windowpane; that the towel was in the house, serving as a buffer between a television set and a wooden table; and that the towel did not have bloodstains on it before the burglary. It follows that the towel was relevant to show the forcible and unauthorized nature of the burglar's entry into the victim's house. See *Harris v. State,* 142 Ga. App. 37, 41 (7) (234 SE2d 798) (evidence is relevant if it logically tends to prove or disprove a material fact at issue in the case). The trial court did not abuse its discretion in admitting the towel into evidence. See *Johnson v. State,* 148 Ga. App. 702 (1), 703 (252 SE2d 205) (if relevancy is doubtful, evidence should be admitted).

2. The trial court did not err in permitting a police officer to testify that the State's witnesses picked defendant's photograph out of a photographic line-up. "A law enforcement officer is permitted to testify to a vocal fact of identification witnessed by himself without its being subject to a hearsay objection." *Bruce v. State,* 142 Ga. App. 211, 212 (2), 213 (235 SE2d 606).

3. Two thirteen-year-old witnesses testified that they saw defendant leaving the victim's house. No objection was raised as to the competency of these witnesses. It cannot be said, therefore, that the trial court erred in failing to determine the competency of these witnesses at trial. *Dunn v. State,* 83 Ga. App. 682 (1) (64 SE2d 478).

4. Inasmuch as the trial court fully and appropriately charged the jury on the principle of "reasonable doubt," it did not err in refusing to give the defendant's proposed instruction on "reasonable doubt." *Fowler v. State,* 188 Ga. App. 873 (1) (374 SE2d 805).

5. We decline defendant's invitation to revisit and overrule *Ross v. State,* 192 Ga. App. 65, 67 (5) (383 SE2d 627). The trial court's charge on alibi was not unconstitutionally burden-shifting. It did not shift the burden to defendant to prove that he was not at the scene of the burglary.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED AUGUST 20, 1993.

*Stanley C. House*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard*, for appellee.