A93A1823. NEAL v. THE STATE.
(440 SE2d 717)

Pope, Chief Judge.

Defendant was convicted by a jury of armed robbery and possession of a firearm during the commission of a felony.

At approximately 10:30 on a Saturday night, a man walked into a Kroger store and, using a gun, took $1,400 from two employees at the courtesy counter. An initial police search of the woods near the Kroger was unsuccessful. However, about two hours later, a man fitting the employees' description of the robber was seen running behind a building in a nearby apartment complex. Officer John Hobson, a dog handler for the Gwinnett County police, was there with his dog within ten minutes and was able to track the man to a breezeway. There the man was trapped against the wall by the dog. This man was defendant, and when the officer asked him where his gun was, the defendant said it was in his pocket. The officer retrieved the loaded gun and took defendant into custody.

Defendant was subsequently transported to the local precinct by Officer Gerard Patterson. Officer Patterson noticed that defendant's clothes were muddy, as if he had been hiding in the woods. It was not Officer Patterson's job to question defendant and he did not do so, but defendant initiated a conversation with him. During the drive to the precinct, defendant told Officer Patterson that he had lost his job and was desperate; that he could have shot the officer with the dog but did not do so; and that he had not hurt anyone. Later, while Officer Patterson was driving defendant from the precinct to the jail, defendant told him where he had thrown the money and said that he had injured his leg running through the woods. The following day, police found money where defendant said he had thrown it. The robber had taken fifties, twenties and tens, and these were the same denominations of currency found in that location.

One of the employees, Susan Schoenfeld, was able to identify defendant as the robber from a photographic line-up, but she was not at the trial; Officer Christa K. Spradley was allowed to testify at trial about Schoenfeld's pre-trial identification of defendant. The other

employee, Anne Eagan, identified defendant as the robber at trial, but had been unable to identify him in the photographic line-up. The Thursday before the trial, the prosecutor brought Eagan to the court to see if she was going to be able to identify defendant in person, which she was. (If she were unable to do so, he presumably would have delayed the trial until Schoenfeld was available.) Eagan testified at trial that her identification of defendant was independently based on her memory of the robbery.

1. Defendant first argues that the trial court should have granted his motion to suppress Officer Spradley's testimony regarding Schoenfeld's pre-trial identification of him because (a) the photographic line-up was impermissibly suggestive, and (b) the officer's testimony was impermissible hearsay.

(a) The fact that the background of defendant's photograph was slightly different from those of the other photos in the line-up did not make the line-up impermissibly suggestive. See *Truelove v. State*, 198 Ga. App. 14 (1) (400 SE2d 396) (1990).

(b) We find defendant's argument that the officer's testimony was impermissible hearsay more troubling, as the testimony certainly appears to be hearsay and the trial court's decision to allow it deprived defendant of his right to cross-examine Schoenfeld regarding her eyesight, her memory, her motivations, her degree of certainty and other similar matters relating to the weight the jury should give her identification. However, this court has held that: " 'A law enforcement officer is permitted to testify to a vocal fact of identification witnessed by himself without its being subject to a hearsay objection.' [Cit.]" *Woodard v. State*, 175 Ga. App. 449 (3) (333 SE2d 645) (1985). Moreover, the Georgia Supreme Court has also held that such testimony is not subject to a hearsay objection. See *Haralson v. State*, 234 Ga. 406 (216 SE2d 304) (1975). This rule of *Woodard* and *Haralson* was criticized in *Wade v. State*, 208 Ga. App. 700 (1) (431 SE2d 398) (1993), and we believe this criticism is valid. Nonetheless, we are constrained to follow the rule in this case, as we were in *Wade*. It may be time for the Supreme Court to reconsider *Haralson* or at least limit its application to cases in which the identifying witness is available for cross-examination. See generally 29 ALR4th 104 (1984).

2. Defendant also argues that Eagan's in-court identification of him should have been suppressed as unreliable due to the improper in-person identification procedure utilized by the prosecutor the Thursday before trial. However, Eagan testified that she was able to positively identify defendant as the robber at trial based on her memory of the night of the robbery; that the courtesy counter where the robbery occurred was well lit; that the robber was only about two feet away from her and directly in front of her; and that the incident lasted about three to four minutes. She also stated she particularly

remembered the robber's eyes, which were an unusual golden color. Under these circumstances, the trial court did not err in finding that any impropriety in the pre-trial in-person identification did not render Eagan's identification of defendant as the robber at trial unreliable. See *Mitchell v. State*, 173 Ga. App. 560 (2) (327 SE2d 537) (1985).

3. Defendant further contends that his motion to suppress statements made by defendant to Officers Hobson and Patterson should have been granted because defendant had not been given *Miranda* warnings at the time he made those statements. Defendant's statement to Officer Hobson that his gun was in his pocket, made in response to Officer Hobson's query regarding where his gun was, was admissible under *Shy v. State*, 234 Ga. 816, 823 (1) (218 SE2d 599) (1975) (statements made by defendant in response to threshold inquiry by officer seeking to secure scene rather than seeking incriminating evidence are admissible despite absence of *Miranda* warnings). And the statements made to Officer Patterson were admissible because they were unsolicited. See *McNabb v. State*, 180 Ga. App. 723 (2) (350 SE2d 314) (1986). Nor did the statements to Officer Patterson relate to or flow from statements made by defendant to yet another officer, Officer William Jack, which may have been solicited by Officer Jack and thus were properly suppressed.

4. The evidence, viewed in a light favorable to the verdict, was sufficient to enable a rational juror to find defendant guilty beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

5. We have reviewed defendant's remaining enumerations of error and find them to be without merit.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 4, 1994.

*Wayne L. Burnaine*, for appellant.
*Daniel J. Porter, District Attorney, David Keeton, Assistant District Attorney*, for appellee.