### A96A2423. WILLIAMS v. THE STATE.
(482 SE2d 415)

SMITH, Judge.

A jury convicted Billy Wilbure Williams of burglary, OCGA § 16-7-1. On appeal, he challenges the sufficiency of the evidence and two of the trial court's evidentiary rulings. We affirm.

1. Williams claims the State presented insufficient evidence to support his conviction.

Around 7:30 p.m. on May 17, 1994, an eyewitness saw Williams exiting the victim's second-story apartment through a kitchen window. She recognized Williams because she knew him from the apartment complex. Williams looked at her, jumped down from the window, and ran away. As the victim was returning to his apartment around 7:30, he saw Williams and a woman named "Tammy" driving away from the complex. The victim soon discovered that his home had been ransacked and that a cigar box containing $10,000 in cash had been stolen. He produced bank documents showing that he had withdrawn this amount from his checking account and explained that he was holding the money for a family member. The victim testified that Williams had no permission to be in his apartment. Williams testified on his own behalf and denied he was the person the witness saw exiting the apartment window. This evidence authorized the jury to determine, beyond a reasonable doubt, that Williams entered the victim's apartment without authority and with felonious intent under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Gude v. State*, 213 Ga. App. 573, 574 (1) (445 SE2d 355) (1994); *Carver v. State*, 191 Ga. App. 430 (1) (382 SE2d 169) (1989).

2. Williams claims the trial court erred when it allowed an investigating officer to testify that the eyewitness identified Williams in a photographic lineup.[1] This issue is controlled adversely to Williams by *Haralson v. State*, 234 Ga. 406, 408 (4) (216 SE2d 304) (1975), which we have no authority to overrule despite Williams's suggestion that we do so. See *Neal v. State*, 211 Ga. App. 829, 830 (1) (440 SE2d 717) (1994); see also *Igle v. State*, 223 Ga. App. 498, 499 (2) (478 SE2d 622) (1996). Even if *Haralson* were not controlling here, the admis-

---

[1] Contrary to Williams's suggestion in his brief, the court prohibited testimony regarding the eyewitness's *statements* to the officer.

sion of this testimony was not error because the eyewitness testified about this issue and was cross-examined by Williams's lawyer. See *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985) (purpose of hearsay rule satisfied where declarant is in court and available for cross-examination); *Dowdy v. State*, 215 Ga. App. 576, 577 (2) (451 SE2d 528) (1994). Compare *Neal*, supra (suggesting *Haralson* rule be limited to cases in which the declarant is available for cross-examination).

3. Williams enumerates as error the trial court's refusal to allow testimony regarding a conversation which allegedly took place between the victim and Williams's sisters, during which the victim blamed the burglary on "Tammy." According to Williams, this evidence constituted a prior inconsistent statement of the victim and was admissible to impeach him.

Even if the victim's alleged statement to the sisters could be considered a prior inconsistent statement,[2] the trial court did not err by excluding it. The evidence presented at trial established that the victim was not an eyewitness to the crime. If the victim did later accuse "Tammy" of the burglary, the record does not show how he acquired this information. Because the victim would have been prohibited from making accusations not based on personal knowledge, the trial court did not err by preventing Williams's sisters from repeating such accusations. *Johnson v. State*, 260 Ga. 17, 19 (4) (389 SE2d 238) (1990).

*Judgment affirmed. Andrews, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 14, 1997.

*John R. Greco*, for appellant.

*Thomas J. Charron*, District Attorney, *Donald T. Phillips, Debra H. Bernes, Nancy I. Jordan*, Assistant District Attorneys, for appellee.

---

[2] We note that if the victim did accuse "Tammy" of involvement in this burglary, that statement is not inconsistent with a belief in Williams's guilt because the victim saw Williams and "Tammy" leaving the apartment complex together shortly after the burglary. Therefore, he could have considered the two to be working together. See *Jones v. State*, 265 Ga. 138, 141-142 (5) (454 SE2d 482) (1995).