A98A0959. INGRAM v. THE STATE.
(504 SE2d 254)

BEASLEY, Judge.

Ingram was convicted of robbery by force (OCGA § 16-8-40 (a) (1)), entering an automobile with the intent to commit theft (OCGA § 16-8-18), and simple battery (OCGA § 16-5-23). By consent order, he was allowed to file this out-of-time appeal from the denial of his motion for new trial.

The victims were Harriett Fisher and her aunt Emma Williams. Ingram filed a motion to suppress evidence of a pretrial identification of him by Williams, who died before trial. The State filed a motion seeking to admit evidence of a written statement given by Williams to Detective Lowry when she made the identification. In his two enumerations of error, Ingram complains of the court's rulings adverse to him on both motions and of the admission in evidence of Williams' pretrial identification and statement to police.

Williams' pretrial statement and Fisher's trial testimony showed that on June 30, 1994, Williams' car broke down on the highway. At

approximately 6:50 p.m. the following day, Fisher drove Williams to the car to meet a tow truck. They found Ingram on the scene and initially assumed he was from the tow company, but it quickly became apparent he was not. When he entered Fisher's car without permission, both women got into the car and attempted to remove the keys from the ignition. After battering and threatening to kill both women, Ingram sped away.

Detective Lowry entered the case on July 6, when Ingram was arrested driving Fisher's car. Lowry incorporated a picture of Ingram into a photographic array, which he displayed to Williams on August 4. Williams positively identified Ingram as the assailant within seconds after viewing the array. After she made the identification, Lowry informed her that Ingram had been arrested in Fisher's car.

In his motion to suppress, Ingram challenged the photographic lineup as being unduly suggestive. At the pretrial hearing on the motion, the court rejected the challenge and ruled that the evidence of identification of him by the deceased witness could be admitted under the necessity exception to the hearsay rule. OCGA § 24-3-1 (b). At a subsequent pretrial hearing, the court ruled that a written statement given by Williams when she made the photographic identification was likewise admissible under the same exception.

This practical approach to proof exception may be utilized if two prerequisites are established: "(1) that a necessity for the exception exists; and (2) that there is a 'circumstantial guaranty of trustworthiness of the offered evidence — that is, there must be something present which the law considers a substitute for the oath of the declarant and his cross examination by the party against whom the hearsay is offered.' [Cit.]"[1]

1. Williams' pretrial identification.

Both the Supreme Court of Georgia and this Court have held that a law enforcement officer is permitted to testify, as was done here, to "a vocal fact of identification" witnessed by himself without its being subject to a hearsay objection.[2]

2. Williams' pretrial statement.

Ingram acknowledges that the declarant's pretrial death meets the necessity prong.[3] As to the second prong, the court was authorized to find circumstantial guarantees of trustworthiness based on

---

[1] *White v. State*, 268 Ga. 28, 29 (2) (486 SE2d 338) (1997).

[2] *Haralson v. State*, 234 Ga. 406, 408 (4) (216 SE2d 304) (1975); *Woodard v. State*, 175 Ga. App. 449, 450 (3) (333 SE2d 645) (1985). But see *Wade v. State*, 208 Ga. App. 700 (1) (431 SE2d 398) (1993) (physical precedent only), and *Neal v. State*, 211 Ga. App. 829, 830 (1) (b) (440 SE2d 717) (1994), which both criticize the rule in *Haralson* and *Woodard*. Apparently the allowance is based on a characterization of what the officer observes as an oral act and not merely a verbal statement.

[3] E.g., *White*, supra at 30.

the following facts: the statement was voluntarily made to a police officer in the course of an official investigation immediately after the declarant was contacted by police;[4] the statement was consistent with the statement given by the declarant immediately after the incident;[5] the statement was never recanted by the declarant;[6] the statement was signed by the declarant;[7] and the statement was corroborated by the testimony given by the other victim.[8]

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JULY 10, 1998.

*Emerson Carey, Jr.*, for appellant.
*J. Tom Morgan, District Attorney, Robert M. Coker, Gregory J. Lohmeier, Assistant District Attorneys*, for appellee.

---

[4] E.g., *White*, supra; *McKissick v. State*, 263 Ga. 188, 189 (3) (429 SE2d 655) (1993).
[5] E.g., *White*, supra; *Mallory v. State*, 261 Ga. 625, 627 (2) (409 SE2d 839) (1991).
[6] E.g., *White*, supra; *Nelson v. State*, 262 Ga. 763, 765 (3) (426 SE2d 357) (1993).
[7] *White*, supra.
[8] E.g., *White*, supra; *Adams v. State*, 191 Ga. App. 16, 17 (2) (381 SE2d 69) (1989).