## A01A1057. SMITH v. THE STATE.
(548 SE2d 21)

PHIPPS, Judge.

Chigiger Smith and his co-defendants Brown and Johnson were charged with two counts of aggravated assault for shooting Steven Aaron twice with a handgun and with one count of burglary for entering and remaining in "the building of Steven Aaron" with intent to commit theft. In this appeal of his convictions, Smith claims that the evidence was insufficient to show that he intended to commit theft in the building referred to in the indictment or that such building belonged to Aaron. Smith also contends that the trial court erred in allowing a police officer to testify that Aaron identified him from a pretrial photographic lineup. We find no merit in these claims of error and affirm.

State's evidence showed that Smith, Brown, and Johnson, acting individually and in concert, accosted Aaron on the street, robbed him at gunpoint of approximately $1,300, forced him into a car, and drove him to a house owned by his mother. Although no one resided in the house at the time, Aaron stored his personal property there and had authority from his mother to enter the premises.

Upon arriving at the house, one of Aaron's abductors shot him in the hip as he tried to escape. The other two kicked in the front door of

the house, activating the burglar alarm. They then forced Aaron into the house and began to ransack it. When the police arrived in response to the burglar alarm, Aaron was shot in the back while trying to escape again.

His three assailants then fled the scene on foot. Within minutes, a police officer observed Smith in a shopping plaza located in the direction the suspects had run. The officer stopped Smith because his clothing fit the description of one of the suspects and he was sweating. Smith attempted unsuccessfully to escape the officer's detention. Approximately $1,500 was found in his possession.

When returned to the scene of the crimes, Smith was identified by an officer who had seen him exit the house. Approximately two weeks later, Aaron viewed a photographic lineup and positively identified Smith as the man who had shot him. At trial, approximately one year later, Aaron identified Johnson as the person who had shot him. Over hearsay objection by Smith's attorney, the officer who had shown Aaron the photographic lineup was allowed to present evidence concerning Aaron's pretrial identification of Smith.

1. Evidence that Smith and his cohorts had robbed Aaron once and were ransacking the house when interrupted by the police authorized the jury to find that their intent in entering and remaining in the house was to commit theft again.[1]

2. Although Aaron's mother was the owner of the house, the evidence showed that Aaron had a possessory interest in it superior to that of the burglars. Therefore, as between Aaron and Smith, it was the "building of Steven Aaron." Because a building may be the situs of a burglary even if it is not being used as a dwelling house,[2] proof that Aaron was an occupant of the building was not necessary to sustain Smith's burglary conviction.[3]

3. Smith's claim that the officer's identification testimony constituted impermissible hearsay raises troublesome questions.[4]

Because the testimony was admitted to prove the truth of the matter asserted, it "certainly appears to be hearsay."[5] But this court has repeatedly held that "[a] law enforcement officer is permitted to testify to a vocal fact of identification witnessed by himself without its being subject to a hearsay objection."[6]

---

[1] See generally *Legg v. State*, 204 Ga. App. 356, 357 (1) (419 SE2d 151) (1992).

[2] See OCGA § 16-7-1 (a); *Franks v. State*, 240 Ga. App. 685, 687 (1) (524 SE2d 545) (1999).

[3] Compare *Murphy v. State*, 238 Ga. 725, 728 (2) (234 SE2d 911) (1977) (law requires indictment to show that dwelling was occupied by the victim).

[4] See *Neal v. State*, 211 Ga. App. 829, 830 (1) (b) (440 SE2d 717) (1994).

[5] Id.

[6] (Citations and punctuation omitted.) Id.; *White v. State*, 244 Ga. App. 54, 55 (1) (537 SE2d 364) (2000), cert. granted; *Tuten v. State*, 242 Ga. App. 223, 227 (6) (529 SE2d 221)

In *Tuten v. State*,[7] *Neal v. State*,[8] and *Wade v. State*,[9] we questioned the soundness of this rule but found ourselves bound by it, because it was established by the Supreme Court of Georgia in *Haralson v. State*.[10] In this case, as in *Hassan v. State*,[11] the defendant argues that *Haralson* has been implicitly overruled by more recent Supreme Court cases, such as *Brown v. State*.[12] After *Brown*, however, the Supreme Court decided *Peebles v. State*[13] in conformity with *Haralson*. For this reason, the Supreme Court subsequently held in *Painter v. State*[14] that it would not follow *Brown*.

Therefore, we remain bound by *Haralson*. And even if we were not so bound, this case does not present a proper vehicle to reconsider the correctness of the rule announced in *Haralson*, because Aaron did testify at trial and "presumably could have been cross-examined by the defendant following the officer's testimony had the defendant so requested."[15] Therefore, the purpose of the hearsay rule was satisfied.[16]

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED APRIL 11, 2001 —
RECONSIDERATION DENIED APRIL 30, 2001.

*Gregory J. Lohmeier*, for appellant.
*J. Tom Morgan, District Attorney, Jeanne M. Canavan, Joseph N. Walden III, Assistant District Attorneys*, for appellee.

---

(2000); *Thompson v. State*, 240 Ga. App. 26, 31 (6) (521 SE2d 876) (1999); *Ingram v. State*, 233 Ga. App. 356, 357 (1) (504 SE2d 254) (1998); *Abrams v. State*, 229 Ga. App. 152, 153 (1) (493 SE2d 561) (1997); *Holt v. State*, 210 Ga. App. 81 (2) (435 SE2d 288) (1993); *Wade v. State*, 208 Ga. App. 700 (1) (431 SE2d 398) (1993); *Woodard v. State*, 175 Ga. App. 449, 450 (3) (333 SE2d 645) (1985); see *Williams v. State*, 224 Ga. App. 665 (2) (482 SE2d 415) (1997); *Hassan v. State*, 216 Ga. App. 484 (455 SE2d 314) (1995); *Barker v. State*, 211 Ga. App. 279, 280 (5) (438 SE2d 649) (1993).

[7] Supra.
[8] Supra.
[9] Supra.
[10] 234 Ga. 406, 408 (4) (216 SE2d 304) (1975).
[11] Supra.
[12] 234 Ga. 632, 633 (1) (217 SE2d 150) (1975).
[13] 236 Ga. 93, 95 (1) (222 SE2d 376) (1976).
[14] 237 Ga. 30, 32 (226 SE2d 578) (1976).
[15] *Hassan*, supra at 484-485.
[16] *Abrams*, supra, citing *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985).