70387. WHITFIELD v. THE STATE.
(336 SE2d 356)

BEASLEY, Judge.

Whitfield was tried and convicted by a jury of robbery and sentenced to fifteen years imprisonment. He appeals asserting that the trial court erred in admitting into evidence the results of a photographic lineup because the lineup was "suggestive and conducive to irreparable mistaken identification."

The witness who made the pretrial identification selected Whit-

field's photo out of a series of four to seven photos which had been placed in a row atop a desk. The photos were all of black men of approximately the same size and age.

Whitfield contends that the lineup was suggestive because there is testimony that a police officer handed the photographs one at a time to the witness for identification thereby "making the victim's choice the choice of the officer." Defendant has cited no evidence, and we have found none, to support this conclusion. Apparently Whitfield is arguing that the mere handing of the photos to a witness is somehow suggestive. Both the witness and the police officer testified that no one made any suggestions to the witness regarding which photo he should select. We have considered the totality of circumstances and find the photographic identification procedure was not impermissibly suggestive. *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972).

Moreover, even if the photo lineup was impermissibly suggestive, Whitfield's enumeration would still prove unsuccessful because there was "no substantial likelihood of irreparable misidentification." *Neil*, supra. "[T]he factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." *Neil*, supra at 199; *Carter v. State*, 157 Ga. App. 445, 446 (278 SE2d 93) (1981). Here, the evidence reflects that the witness had ample opportunity to view the robber, was attentive and furnished an accurate description of the robber to the police, demonstrated a high level of certainty in his identification, and only a "couple of days or so" lapsed between the robbery and the photo identification.

In support of his argument, Whitfield points to the witness' testimony that, after he had made the identification from the lineup, the police stated, "Well, that's him" to which he responded, "I'm just pleased as anything that that was him." "[While] [i]t is not a good practice to indicate to a witness that he has chosen the 'right' person as it could lead to an improper tainting of subsequent in-court identification . . ., whether a subsequent in-court identification is tainted depends on all the circumstances of each case. '. . . [C]onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.' [Cits.]." *Dodd v. State*, 236 Ga. 572 (224 SE2d 408) (1976). The circumstances of this case are such that the trial court did not err in admitting into evidence the results of the pretrial identification and the subsequent

478

in-court identification.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 18, 1985.

*James F. Council, Jr.*, for appellant.
*H. Lamar Cole, District Attorney*, for appellee.