71542. MITCHELL v. THE STATE.
(342 SE2d 738)

BENHAM, Judge.

Indicted for aggravated assault with a deadly weapon, aggravated assault with intent to rape, armed robbery, and possession of a knife during the commission of a felony, appellant was acquitted of the armed robbery charge and convicted of the other three. He enumerates as error the denial of his motions to suppress evidence seized in searches of his house and car and to suppress the victim's identification testimony.

1. Appellant's first argument in support of his motion to sup-

press evidence seized in the two searches is that he was illegally arrested. The officers who brought appellant to the police station testified that they had been requested by the officer who was investigating the crimes to ask appellant to come talk with her. They testified that they saw appellant walking in downtown Rome, stopped their car, asked appellant to come talk to the investigating officer, and took him to the police station when he agreed to come with them. There was no evidence that the officers required appellant to join them or that they exhibited any force to coerce his cooperation.

An arrest occurs only when the liberty of a citizen is restrained by physical force or show of authority. *Bothwell v. State*, 250 Ga. 573 (2) (300 SE2d 126) (1983). The officer who questioned appellant testified that such restraint did not exist until after the victim had come to the police station and identified appellant. Until then, the officer swore, appellant had been free to go and had been told that he was not under arrest. After that identification, the investigating officer had probable cause to arrest since the facts and circumstances within her knowledge, of which she had reasonably trustworthy information, were sufficient to warrant a prudent person to believe that appellant had committed the offenses. See *Flowers v. State*, 252 Ga. 476 (1A) (314 SE2d 206) (1984). Since the evidence here authorized the trial court to determine that there had been no illegal arrest, and the determination of a trial court in ruling on a motion to suppress will be upheld if supported by evidence (*Voight v. State*, 169 Ga. App. 653 (314 SE2d 487) (1984)), we find no error in the trial court's denial of appellant's motions on that ground.

2. After appellant had been placed under arrest, he executed a consent form permitting the search of his house. He now contends that the consent was void because he was coerced into signing it. A consent given while under arrest is not per se void as being coerced. See, e.g., *Cantrell v. State*, 237 Ga. 851 (230 SE2d 287) (1976). The testimony of the police officer who secured the consent form and the testimony of an officer who witnessed it were consistent on the issue of coercion. They both testified that appellant was cooperative and stated repeatedly that he had nothing to hide. " 'As the record in this case indicates without contradiction that appellant intelligently and voluntarily consented to the search of his [house] after being fully informed that he had a right to refuse the search, the trial court was authorized to find that valid consent had been given.' [Cit.]" *McShan v. State*, 155 Ga. App. 518 (3) (271 SE2d 659) (1980).

3. Appellant's car was also searched, yielding a knife which was identified by the victim as being similar to the knife used in the assault on her. Although the State attempted at trial and on appeal to justify that search as an inventory pursuant to impoundment of the car, the record does not support that argument. There was no evi-

dence of any connection between the car and appellant's arrest, no evidence that the car was illegally parked or was a hazard to traffic, or that appellant was consulted regarding alternate disposition of the vehicle. In short, there was no showing that the impoundment of the car was reasonably necessary. See *Strobhert v. State*, 165 Ga. App. 515 (301 SE2d 681) (1983); *State v. Darabaris*, 159 Ga. App. 121 (282 SE2d 744) (1981).

There does appear in the record, however, another basis for the trial court's finding that the search of appellant's car was legal. The arresting officer testified that she asked appellant for permission to search the car at the same time she asked for permission to search his house and that appellant consented to the searches and gave her his keys. That testimony, considered with the testimony of two other officers that appellant was consistently cooperative and repeatedly stated that he had nothing to hide, was sufficient to support a finding that appellant consented to the search of his car. There being evidence to support the trial court's denial of the motion to suppress, this court will not disturb that decision. *Voight*, supra.

4. Appellant has also enumerated as error the trial court's denial of his motion to suppress the victim's *identification testimony*. The basis of that motion was that the identification procedure used was so suggestive that the identification was irradicably tainted. We disagree.

The evidence showed that the investigating officer brought the victim to the police station to participate in a one-on-one showup to which appellant had consented. Both the victim and the officer testified that the officer told the victim that she wanted her to look at someone they were questioning to see if that person was the one who attacked her. Assuming that the procedure used was impermissibly suggestive by focusing the victim's attention on appellant as a suspect, we must consider whether the suggestiveness produced a substantial likelihood of irreparable misidentification. *Whitfield v. State*, 176 Ga. App. 476 (336 SE2d 356) (1985). " 'The factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.' [Cit.]" Id. at 477.

The victim testified that she had an opportunity to see the features of appellant's face for several minutes during the attack and to see his hands closely. Her attention was focused on the appellant since he was the only one present other than herself and his aggressive conduct brought him to her attention. Her prior description was generally accurate other than a mistake as to the color of appellant's

jacket and a misestimation of appellant's height. The former was explained by sodium vapor lighting at the scene of the attack, lighting which changes the apparent color of things, and the mistake in height was, according to a police officer's testimony based on his experience, a common mistake by lay witnesses. The victim's level of certainty was very high: she testified that she was positive that appellant was her attacker, that she had recognized him immediately at the confrontation, and that she would have recognized him anywhere. Less than a week had elapsed between the attack and the confrontation at which the victim identified appellant. Considering the totality of the circumstances, it does not appear that there was a likelihood of irreparable misidentification. See *Heyward v. State*, 236 Ga. 526 (1) (224 SE2d 383) (1976). The fact that the victim was unable to identify appellant's photographs when shown them, along with others, does not require the conclusion that her identification was based solely on the one-on-one confrontation. She testified that the photographs were of appellant's head only and that because he was wearing a jacket with a hood at the time of the attack, she did not see the similarity of his face, alone, to her attacker's. However, she testified, seeing appellant in person in court, she was able to recognize him based on his entire appearance. Her testimony established that her identification of appellant was on a basis independent of the confrontation at the police station, and we find no error in the denial of appellant's motion to suppress the identification testimony. *Anderson v. State*, 168 Ga. App. 243 (1) (308 SE2d 623) (1983).

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 11, 1986.

*Albert F. Burkhalter, Jr.*, for appellant.

*Stephen F. Lanier, District Attorney, Harold Chambers, Assistant District Attorney*, for appellee.