73761. PACK et al. v. THE STATE.
(356 SE2d 557)

CARLEY, Judge.

Appellants Pack and Berry were co-indicted and jointly tried for armed robbery. The jury returned guilty verdicts. Appellants appeal from the judgments of conviction and sentences entered on the verdicts.

Appellants' sole enumeration of error contests the admission of evidence of their identification by the victims as the perpetrators of

the offense. Two forms of identification evidence were offered at trial. There was evidence of the victims' pre-trial identification of appellants. The victims were also permitted to make an in-court identification.

"Because pretrial identification procedures occur beyond the immediate supervision of the court, the likelihood of misidentification in such cases increases, and courts have required that pretrial identification procedures comport with certain minimum constitutional requirements in order to insure fairness. [Cit.]" *Ralston v. State*, 251 Ga. 682, 683 (2) (309 SE2d 135) (1983). "[A] claimed violation of due process of law in the conduct of pre-trial confrontations depends on the totality of the circumstances. [Cit.]" *Goswick v. State*, 150 Ga. App. 279, 281 (2) (257 SE2d 303) (1979). The Supreme Court of the United States has established "a two-part test. The first inquiry is whether the identification procedure was impermissibly suggestive. Pretermitting the issue of whether the procedure used in the instant case was impermissibly suggestive, we turn to the second part: whether there was a substantial likelihood of irreparable misidentification." *Goswick v. State*, supra at 282 (2). The factors to be considered in determining whether there was a substantial likelihood of irreparable misidentification are: "(1) opportunity to view the defendant at the time of the offense . . .; (2) the witness' degree of attention . . .; (3) the accuracy of the witness' prior description . . .; (4) level of certainty demonstrated . . .; (5) the length of time between the crime and the identification. . . ." *Goswick v. State*, supra at 282 (2). Applying these factors in the case sub judice, there was no substantial likelihood of irreparable pre-trial misidentification of appellants by the victims, even assuming that the procedures may have been suggestive. "[U]nder the totality of the circumstances [we do] not find ' "a very substantial likelihood of irreparable misidentification." [Cit.] Short of that point, such evidence is for the jury to weigh. [Cit.]' " *Goswick v. State*, supra at 282-283 (2). Accordingly, the trial court did not err in allowing the victims' pre-trial identification of appellants into evidence.

With regard to the in-court identification testimony, the only contention is that such testimony was "tainted" by the pre-trial identification procedures. " ' "Convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." [Cits.]' [Cit.]" *Whitfield v. State*, 176 Ga. App. 476, 477 (336 SE2d 356) (1985). Again assuming that the pretrial identification procedure was impermissibly suggestive, " 'there was no evidence that the in-court [identifications were] in any way influenced by it.' [Cit.]" *Fields v. State*, 179 Ga. App. 116 (1)

(345 SE2d 662) (1986). The in-court identifications were clearly independent of the pretrial photographic lineup. "We find no substantial likelihood of irreparable misidentification on either the pretrial or in-court identification of the [appellants] as the perpetrator[s] of the armed robbery in question. [Cits.]" *Smith v. State*, 160 Ga. App. 60, 61 (1) (286 SE2d 45) (1981).

*Judgments affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED APRIL 14, 1987.

*M. Michael Kendall*, for appellants.

*William J. Smith, District Attorney, Martha M. Dicus, Assistant District Attorney*, for appellee.