A89A2050. MILLER v. THE STATE.
(390 SE2d 291)

SOGNIER, Judge.

Robert Franklin Miller appeals from his conviction of aggravated child molestation for an incident involving his stepdaughter.

1. Appellant challenges the trial court's conclusion that appellant's wife voluntarily consented to the search of their home and thus the evidence found during that search (pornographic magazines and videotapes) was admissible. At the hearing held pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), Detectives Randy Shirley and Mike Crozier testified that appellant was arrested as he and his wife, Shirley Miller, were driving to pick up their three children from school. The detectives asked Mrs. Miller to follow them in the couple's car, but because she had no driver's license, Detective Shirley drove her to the Stephens County jail in her car. He stated that during the drive he explained to her that her children were in the custody of the Department of Family & Children's Services. At the jail, the detectives requested Mrs. Miller's permission to search the family residence. Detective Shirley testified that he reviewed the consent form with her in detail, that she was "very cooperative" during this discussion and the subsequent search, and that she readily agreed to the search. He stated that he may have indicated to her that they would obtain a warrant if she did not consent, but neither detective recalled telling her that the matter would be easier for her husband if she complied. Mrs. Miller confirmed the sequence of events, but testified that she signed the consent form only because she wanted to help her husband and see her children. She acknowledged having read and understood the consent form, but stated that she thought she had no choice, as the detectives told her that "it would be easier and save time if [she] would just co-operate" or they would obtain a warrant.

When a motion is made to suppress the fruits of a consensual search, "the burden is upon the state to 'demonstrate that the consent was voluntarily given, and not the result of duress or coercion,

express or implied. Voluntariness is a question of fact to be determined from all the circumstances.' [Cits.]" *Code v. State*, 234 Ga. 90, 93 (214 SE2d 873) (1975). We conclude that the evidence supports the trial judge's finding that Mrs. Miller's consent was freely and voluntarily given. A law enforcement officer's statement that a search warrant will be sought if consent is not given is permissible provided the officer has probable cause to obtain a warrant, id. at 95, and here the detectives did have probable cause because the victim had told them about the existence of the materials seized during the subsequent search. *Flournoy v. State*, 131 Ga. App. 171, 172 (4) (205 SE2d 473) (1974), cited by appellant, is not applicable because in the instant case Mrs. Miller was not in custody and was neither under arrest, threatened with arrest, nor charged with a crime. Although Mrs. Miller undoubtedly was concerned about her husband and children, that circumstance, without more, does not compel a finding of coercion, as there was no evidence she was told she could not see her children until she consented or that her husband would be dealt with less severely if she cooperated. See *Code*, supra at 94-95. Accordingly, we find no error in the trial court's denial of the motion to suppress and subsequent admission into evidence of the materials obtained during the search.

2. Appellant's contention that the trial court erred by allowing a witness to testify as to statements made to the witness by the victim regarding acts of sexual abuse committed by appellant without a prior determination of the victim's competency is controlled adversely to him by OCGA § 24-3-16 and *Newberry v. State*, 184 Ga. App. 356, 358 (4) (361 SE2d 499) (1987). To the extent that appellant's argument on this enumeration in his brief can be construed to raise a constitutional challenge to the applicable law, we cannot address this issue because enumerations may not be enlarged by arguments in appellate briefs to cover issues not contained in the original enumeration. *Newberry*, supra at 357 (1).

3. Appellant's final enumeration of error concerns the admission into evidence of statements he made to the detectives concerning the possibility of pleading guilty to avoid putting his family through the trauma of a trial. At the hearing conducted pursuant to *Jackson v. Denno*, supra, appellant stated that he raised the prospect of a guilty plea only because the detectives told him that both he and his family would be better off if he pleaded guilty, and that his wife and others had acknowledged his guilt. Detective Shirley testified that neither he nor Detective Crozier promised appellant that "it would go easier on him and his family" if he entered a guilty plea, and that after they told him they could make no promises about the sentence he would receive or the date his stepdaughter would be returned to the family, appellant requested counsel and the interview was terminated.

OCGA § 24-3-50 prohibits the introduction into evidence of any incriminating statement made by the accused to law enforcement officials if the statement was "induced by another by the slightest hope of benefit." See *Johnson v. State*, 238 Ga. 27-28 (1) (230 SE2d 849) (1976). Here, the detective denied having made the comment claimed by appellant. "The trial court's findings regarding factual determinations and credibility when considering the admissibility of a [statement] will be upheld on appeal unless clearly erroneous. [Cit.] The trial court being authorized to accept the [detective's] word over appellant's, [cit.], we find no error in the admission of the statement." *Bryant v. State*, 193 Ga. App. 840, 841 (___ SE2d ___) (1989).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JANUARY 17, 1990 —
REHEARING DENIED JANUARY 29, 1990 — 

*Adams, Clifton & Sanders, Michael R. Sleister*, for appellant.
*Michael H. Crawford, District Attorney, E. Jay McCollum, Assistant District Attorney*, for appellee.