## A92A0202. BANKS v. THE STATE.
(416 SE2d 866)

SOGNIER, Chief Judge.

James Henry Banks was convicted of two counts of armed robbery and two counts of possession of a firearm during the commission of a crime. He appeals from the denial of his motion for new trial.

Appellant enumerates as error the trial court's denial of his motion to suppress the victims' identification of him. He contends these identifications were impermissibly tainted by improper showup identifications made at a preliminary hearing. The record reveals that the robbery victims, Delores Logue and William Cunningham, were robbed of their wallets at gunpoint in DeKalb County grocery store parking lots one day apart. Each of the victims gave similar descriptions of their assailant to police. Two days later, appellant was stopped by Atlanta police officers who suspected he was driving a stolen car. He first said his name was William Cunningham and offered as identification Cunningham's Virginia driver's license, which had no picture. Upon determining that the car appellant was driving was stolen, the officers arrested appellant. A subsequent search of the car yielded a shotgun plus credit cards and identification taken from Logue's and Cunningham's wallets.

DeKalb Police Officer Manikowski included appellant's picture in a photographic lineup shown to the victims shortly thereafter. Although each victim returned to appellant's photograph several times, neither made a positive identification. Two weeks later, Officer Manikowski scheduled a preliminary hearing for appellant on the robbery charges. The victims were present in the courtroom when Manikowski escorted appellant, who was dressed in a jail uniform and wearing handcuffs, into the room. Both Logue and Cunningham testified that they immediately recognized appellant as the perpetrator once they saw him in person.

When considering a challenge to a pretrial identification, courts first must determine whether the identification procedure used was impermissibly suggestive. If so, the court then must decide whether, given the totality of the circumstances, there was a substantial likelihood of irreparable misidentification. *Killens v. State*, 184 Ga. App. 717, 720 (3) (362 SE2d 425) (1987). We agree with appellant that the procedure used was impermissibly suggestive. One-on-one showups have been held to be inherently suggestive, id., especially where, as here, the accused is obviously in custody and escorted by the same investigating officer who summoned the witnesses to appear, and no precaution is taken to ensure the integrity of the identification process. *Bradley v. State*, 148 Ga. App. 722, 723 (2) (252 SE2d 648) (1979). While there was some evidence in the record that a few other jail inmates were present in the courtroom, there is no evidence that a

group of men similar in appearance to appellant was assembled so as to avoid singling out appellant. Compare *Wilson v. State*, 181 Ga. App. 435 (1) (352 SE2d 618) (1987).

Accordingly, we must address the second prong of the test. Factors to be considered include (1) the opportunity of the victims to view the perpetrator at the time of the crime; (2) the victims' degree of attention; (3) the accuracy of their prior descriptions of the perpetrator; (4) the level of certainty of their identifications; and (5) the length of time between the crime and the confrontation. *Killens*, supra at 720. Although each victim viewed the assailant for a short period, both testified that they saw him well enough to be confident of their subsequent identifications. The descriptions they gave police were consistent with appellant's appearance. See *Mitchell v. State*, 178 Ga. App. 244, 246-247 (4) (342 SE2d 738) (1986); compare *Bradley*, supra at 724 (2). The victims' failure to identify appellant from the photographic lineup does not require the conclusion that their in-court identification was based solely on the one-on-one confrontation, as Logue testified at trial that once she saw appellant's distinctive head and eye shapes, which were difficult to discern in photographs, she was certain of her identification, and Cunningham also stated he was confident of his in-person identification. See *Mitchell*, supra at 247. The time lapse of approximately three weeks also did not taint the confrontation. See *Killens*, supra. Consequently, under the totality of the circumstances, we do not find a substantial likelihood of irreparable misidentification, and accordingly we affirm. See *Mitchell*, supra.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED MARCH 12, 1992.

*John H. Tarpley*, for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Robert E. Statham III, Assistant District Attorneys*, for appellee.

