## A93A0347. HOLBROOK v. THE STATE.
(433 SE2d 616)

Smith, Judge.

Gary Holbrook was convicted of theft by taking, OCGA § 16-8-2; theft by receiving, OCGA § 16-8-7 (a); criminal damage to property in the second degree, OCGA § 16-7-23 (a) (1); DUI, OCGA § 40-6-391 (a) (1), (4); attempting to elude a police officer, OCGA § 40-6-395 (a); and was sentenced as a recidivist pursuant to OCGA § 17-10-7. His motion for a new trial was denied.

The evidence at trial showed that a 1989 Ford truck was taken without permission from the work site of a P. F. Moon Construction Company project during the weekend of August 30, 1991. A red Honda Civic was taken without authority from the sales lot of Heritage Honda in Rome after the close of business on September 12, 1991. On the evening of September 12, a man drove a white Ford truck to a street in a housing project in Rome and tried to "pawn" a color television set by offering it to several residents in return for $50, telling them he would return the money in several hours and retrieve the television set. Dorothy Mack talked with him for about 15 minutes and accepted this arrangement after going to her apartment and being shown the television set worked. The man returned approximately two hours later with two girls in a small gray car. He could not start the truck when he was ready to leave, and he became angry, cursed at the people on the street and accused them of tampering with the truck. He left and returned again in a red Honda Civic that looked new. Mack and several other people observed that the car had a paper driveout tag from Heritage Honda. They also saw him break the window of the truck on the passenger side with a crowbar or stick, unreel hose from a tank on the back of the truck, place the hose through the broken window, ignite what appeared to be a piece of paper, and use it to set fire to the truck. He then left in the Honda.

The residents telephoned the police, who placed a lookout for the Honda. The car was spotted almost immediately, and a high-speed chase ensued. After causing a collision involving two police cars, the driver left the Honda and was captured lying in some weeds. Two officers involved in the chase observed him after he was placed in a patrol car. Both officers testified at trial that they had seen his face in their spotlights during the chase, and had no doubt that the man they observed in the patrol car, who was identified as Holbrook, was the same man they were chasing. Holbrook was taken to the police station, where the residents who had witnessed the events in the housing project observed him on a television monitor and identified him as the person they had seen earlier driving the Ford truck and the red Honda and the person who had set fire to the truck.

After Holbrook's conviction on all counts, new counsel was ap-

pointed to represent him. New counsel filed a motion for new trial, raising the issue of ineffective assistance of trial counsel.

1. Holbrook contends the trial court erred in denying his motion for new trial because, given the fact that misidentification was his primary defense, trial counsel's failure to move the court to exclude the one-on-one showup or to object to the in-court identification by the witnesses who viewed it conclusively demonstrated ineffective assistance of counsel.

In considering whether a pretrial showup must be excluded, a court must first determine whether the procedure used was impermissibly suggestive. If so, the court must then decide whether, given the totality of circumstances, there was a substantial likelihood of misidentification. *Killens v. State*, 184 Ga. App. 717, 720 (3) (362 SE2d 425) (1987). Here, the witnesses viewed Holbrook while he was at the police station, strapped in a chair facing a video camera. He was the lone suspect viewed, and was surrounded by police officers in uniform. The witnesses were together in another room watching the video monitor, and were asked within the hearing of each other whether Holbrook was "the one." "We agree with [Holbrook] that the procedure used was impermissibly suggestive. One-on-one showups have been held to be inherently suggestive, id., especially where, as here, the accused is [a lone suspect who is] obviously in custody[, surrounded by uniformed police officers], and no precaution is taken to ensure the integrity of the identification process. [Cit.]" *Banks v. State*, 203 Ga. App. 355 (416 SE2d 866) (1992).

We therefore address the second prong of the test to determine whether a substantial likelihood existed of misidentification. Applying the factors set forth in *Neil v. Biggers*, 409 U. S. 188, 199-200 (93 SC 375, 34 LE2d 401) (1972), we find that the showup took place within hours of the crimes, and that the witnesses' opportunity, degree of attention, accuracy of description, and certainty were excellent. All the witnesses accurately described Holbrook. Mack's opportunity to observe Holbrook was best, having conversed with him face-to-face for approximately 15 minutes while paying close attention to him. She had absolutely no doubt about her identification of Holbrook.

"Moreover, notwithstanding any taint in pretrial identification procedures, [a] witness' in-court identification may still be admitted if it has an 'independent origin' from the illegal identification procedures involved. [Cits.]" *McCoy v. State*, 190 Ga. App. 258, 261 (3) (378 SE2d 888) (1989). Mack's identification of Holbrook was clearly based on her earlier observation of and conversation with him on the street, and not on her view of him at the showup. Considering the totality of the circumstances, including his identification by at least three police officers, we find no substantial likelihood of misidentification.

It may have been better practice to move to exclude evidence regarding the pretrial showup and to object to the in-court identification. However, since neither strategy would have changed the result, neither omission may be deemed conclusive evidence of ineffectiveness on the part of Holbrook's trial counsel. Indeed, our examination of the transcript persuades us trial counsel's performance, viewed as a whole, was not ineffective. The trial court did not err in denying the motion for new trial on this ground.

2. Holbrook asserts error in the trial court's denial of his motion for a directed verdict of acquittal, made on the ground that the State failed to prove ownership of the stolen vehicles as alleged in the indictment.

The indictment charged Holbrook with theft by taking a "1991 Honda Civic, the property of Heritage Honda," and with theft by receiving a "1989 Ford truck, the property of P. F. Moon, Inc." The manager of the dealership testified that although the dealership is incorporated as RHC, Inc., it does business as, and is commonly known as, Heritage Honda. It was established that the truck was owned either by P. F. Moon individually or by P. F. Moon Construction Company. A variance between the allegata and probata is not fatal unless it misinforms the accused of the charges against him or leaves him subject to subsequent prosecutions for the same offense. *Stinson v. State*, 197 Ga. App. 687, 689 (3) (399 SE2d 278) (1990). The allegations in the indictment in this case were adequate in those respects. Moreover, one charged with theft "will not be heard to raise nice and delicate questions as to the title of the article stolen." (Citations and punctuation omitted.) *Cline v. State*, 153 Ga. App. 576, 577 (2) (266 SE2d 266) (1980).

3. Holbrook maintains that because no proper foundation was laid, the trial court erred in admitting opinion testimony regarding the value of the truck. Opinion testimony regarding value, without giving reasons for the opinion, is without probative value. *Holbrook v. State*, 168 Ga. App. 380 (1) (308 SE2d 869) (1983).

In this case, an equipment operator for the construction company testified that he was familiar with the approximate value of trucks of that nature used in the construction business and that the truck was worth "around $17,000" before the damage, and less than $1,000 after the damage. The witness also testified that the truck had no damage before the incident; that he had viewed it after it had been set afire and the seat, upholstery, dash, windows, and paint were ruined; and that it had been repaired and reconditioned. Given this testimony regarding the extent of the damage, as well as the photographs of the truck properly admitted into evidence, the jury had sufficient evidence to determine that the value of damage was in excess of $500. Id. at 381 (1).

*Judgment affirmed. Johnson, J., and Blackburn, J., concur.*

DECIDED JUNE 17, 1993 —
RECONSIDERATION DENIED JUNE 30, 1993 —

William F. Sparks, for appellant.
Stephen F. Lanier, District Attorney, C. Stephen Cox, Assistant District Attorney, for appellee.