A94A2196. ELLISON v. THE STATE.
(455 SE2d 361)

RUFFIN, Judge.

Wallace Ellison was convicted of four counts of armed robbery

and seven counts of kidnapping. He appeals from the judgment of conviction and sentence.

The evidence shows that Ellison was one of three men involved in the armed robbery of a movie theater. The men purchased tickets for a movie and once inside the theater, forced several theater employees at gunpoint to an upstairs office. There the employees were bound with tape and forced to lie on the floor. Several of the employees were robbed of their wallets. The assistant theater manager was directed at gunpoint to open a safe from which the men removed the money inside.

The police were summoned and arrived while the robbery was in progress. An officer confronted the men as they left the theater, and one of the robbers dropped a bag of money at the officer's feet. Two of the robbers then ran into the woods where they were apprehended by the police. Ellison was identified as one of the robbers apprehended in the woods. A nine millimeter gun was recovered from the area in the woods where Ellison was apprehended, and police found 100 one dollar bills in his pocket.

1. Ellison contends the trial court erred in failing to exclude the assistant theater manager's in-court identification of him because it was based on a prior identification from a single photograph shown to her by the police. Ellison argues that the showing of the single photograph was impermissibly suggestive.

"[E]ven assuming, arguendo, that the original identification from a single photograph was impermissibly suggestive, [cit.], in order to establish a due process violation appellant must also show a very substantial likelihood of irreparable misidentification. [Cit.] 'The factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the [perpetrator] at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the [perpetrator], the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.' [Cit.] Applying these factors, we find that the likelihood of misidentification was not very substantial." *Mobley v. State*, 198 Ga. App. 497, 498 (3) (402 SE2d 100) (1991).

The assistant theater manager testified that her father taped a report of the robbery from a news broadcast which she viewed several times the day following the incident and that she identified Ellison on the videotape as the man who held a machine gun to her head. She indicated she was face-to-face with Ellison for 15 minutes during the robbery. Looking directly at Ellison in the courtroom, she testified that she was absolutely sure he was the person who pointed a gun in her face. This testimony established a basis for the in-court identification independent of the single photograph; thus, we find no error in

the admission of the assistant theater manager's identification. *Baxter v. State*, 254 Ga. 538 (11) (331 SE2d 561) (1985).

2. A police officer testified that after Ellison was arrested, in an attempt to explain what he was doing at the movie theater, he stated he was brought there by his wife to deal drugs and that the other man, with whom he was caught, kidnapped him. Ellison contends this testimony improperly placed his character in issue.

" ' "It is no valid ground of objection to the admission in evidence of an incriminatory statement or confession made by the accused in a criminal case that the language indicated that the accused had committed also another and separate offense. (Cits.)" [Cit.]' [Cit.]" *Ingram v. State*, 253 Ga. 622, 638 (18) (a) (323 SE2d 801) (1984). This enumeration is without merit.

3. Ellison contends the trial court erred in admitting the assistant theater manager's statement to the police as a prior consistent statement because her veracity was never placed in issue. The trial transcript shows that prior to the reading of the statement, defense counsel only raised a hearsay objection to its admission. " '(W)here an entirely different objection or basis for appeal is argued in the brief which was not presented at trial we will not consider that basis as we are limited to those grounds presented to and ruled upon by the trial court.' [Cit.]" *Brinson v. State*, 191 Ga. App. 151, 152 (2) (381 SE2d 292) (1989). Thus, this enumeration of error fails.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MARCH 14, 1995.

*Megan C. De Vorsey, Susan E. Teaster,* for appellant.
*Lewis R. Slaton, District Attorney, Kenneth D. Feldman, Vivian D. Hoard, Assistant District Attorneys,* for appellee.