A95A0106. SPEAGLE v. THE STATE.
(458 SE2d 852)

BEASLEY, Chief Judge.

A jury convicted Speagle of two counts of burglary. OCGA § 16-7-1.

1. Speagle enumerates as error the trial court's denial of his motion to suppress evidence of the fruits of a warrantless search. The following principles apply:

" 'The trial court's decision on questions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous. Where there is evidence to support the *decision* of a trial judge on motion to suppress evidence, that decision will not be disturbed on appeal.' [Cit.]" *Leonard v. State*, 213 Ga. App. 503, 504 (445 SE2d 330) (1994).

On the afternoon of February 2, 1994, the police were called to investigate burglaries at two homes. Responding to the first call, Detective Davis found a door had been kicked in, the house ransacked, and items such as jewelry, silver, a silver chest, and a video camera in an orange bag were missing. A neighbor provided the tag number and description of a pickup truck in the driveway at 3:00 that afternoon when a tall, slim white male carrying an orange bag and gray pillowcase ran from the house, jumped in the truck, and drove away. Responding to the second call, Officer Hawkins found a rear kitchen door had been forced open and the house had been ransacked. The victim testified that a man's wristwatch and several distinctive pieces of jewelry were missing.

At a hearing on Speagle's motion to suppress evidence, Detective Boyd testified that the pickup truck described by the neighbor was registered to Speagle's mother and was located outside their condominium. Three detectives went to the condominium and were admit-

ted by Mrs. Speagle, who told them her son Ronald drove the truck although it was titled in her name. She showed the officers to her son's bedroom, and they informed Speagle his truck was involved in a burglary earlier in the day. Noting Speagle fit the neighbor's physical description of the burglar and observing on top of his dresser a plastic bag containing jewelry, Detective Boyd requested and received Speagle's permission to search the room. After arresting Speagle, detectives also obtained Mrs. Speagle's written consent to search the bedroom. Many items reported stolen in the two burglaries were recovered and returned to the victims.

Arguing that the vehicle description and license number provided by one victim's neighbor were analogous to an anonymous tip, Speagle first contends there was insufficient indicia of the neighbor's reliability to justify the officers' actions.

The neighbor, a long-time resident who came forward and identified himself to police, witnessed an unidentified male leave the residence with pillowcases holding items and drive off in a truck. He provided a description of the pickup, its driver, and its contemporaneously noted tag number, later verified by the Department of Motor Vehicles as being a tag number for that vehicle and registered to Janet Speagle. The information was not from an anonymous person but rather from an identified concerned citizen, and it was materially confirmed. Considering the source, the nature of the information, and its degree of accuracy, police reasonably relied on the neighbor to investigate further.

Speagle contends that he did not consent to the search and that even if he did, it was not voluntary because when the police arrived, he was dressed only in a towel and was in no position to leave. He further contends that his mother's consent was coerced by the officers' statement that a search warrant would be sought if she did not consent and that as his landlord, Mrs. Speagle was not authorized to consent to a search.

"When a motion is made to suppress the fruits of a consensual search, 'the burden is upon the state to "demonstrate that the consent was voluntarily given, and not the result of duress or coercion, express or implied. Voluntariness is a question of fact to be determined from all the circumstances." [Cits.]' *Code v. State*, 234 Ga. 90, 93 (214 SE2d 873) (1975)." *Miller v. State*, 194 Ga. App. 338, 339 (390 SE2d 291) (1990). Detective Boyd testified that Speagle consented to a search of his room and that Mrs. Speagle also consented to such a search after her son was arrested. The evidence supports the court's finding that Speagle voluntarily consented. His consent was sufficient authority to search without a warrant. His mother's was not necessary, but since it is challenged, we address its validity as well.

As to Mrs. Speagle's consent, the law is that "[a] law enforcement

officer's statement that a search warrant will be sought if consent is not given is permissible provided the officer has probable cause to obtain a warrant. . . ." (Citation and punctuation omitted.) Id. Consent was not required because probable cause to search the room was present: detectives knew jewelry had been taken in a burglary involving the Speagle truck, they observed a plastic bag of jewelry on Speagle's dresser, and Speagle fit the neighbor's description of the burglar. As to Mrs. Speagle's authority to consent to a search of her son's room, she testified that she owns the condominium where her son lived with her, that they kept his room locked, that she had a key to the room, and that he gave her $100 to $150 a month "to help with expenses." Even if we were to find Mrs. Speagle was not authorized to consent to a search of her son's room, she admitted the officers to the condominium, showed them to her son's room, and when he had been taken into custody, signed a written consent to the search. The officers reasonably believed Mrs. Speagle had sufficient control of the residence to authorize her to consent to a search of her son's room. *Ford v. State*, 214 Ga. App. 284 (3) (447 SE2d 334) (1994).

It was not error to deny the motion to suppress and admit the results of the search into evidence.

2. Speagle next enumerates as error the trial court's admission of similar transaction evidence on grounds that the 1980 offense was not identical to the 1994 offenses and the earlier conviction is too remote to show his mindset in 1994.

"The general rule in this state is that evidence of other criminal acts by a defendant is inadmissible unless the defendant chooses to put his character in issue. [Cit.] However, in some circumstances, evidence of independent crimes may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. Before such evidence may be admitted, the state must show that the defendant was the perpetrator of the independent crime, and that there is sufficient similarity or connection between the independent crime and the offense charged, so that proof of the former tends to prove the latter. [Cit.] It must also be emphasized that evidence of independent crimes is never admissible unless its relevancy to the issues on trial outweighs the prejudice it creates. [Cit.]" *Brunson v. State*, 207 Ga. App. 523, 524-525 (428 SE2d 428) (1993).

The State established that Speagle pled guilty to a 1980 burglary in which the victim's house was entered by kicking in a back door, the house was ransacked, drawers were emptied, and items including a pillowcase, jewelry, firearms, and Christmas gifts were stolen. " 'There is no requirement that a previous offense be absolutely identical to the one being prosecuted so as to make it admissible.' [Cit.]" *Gonzalez v. State*, 213 Ga. App. 667 (445 SE2d 769) (1994). Although different items were taken and Speagle wrote a letter of apology to the

victim in 1980, the earlier offense was sufficiently similar so as to tend to show Speagle's identity, motive, and course of conduct.

Regarding the 14-year period between the offenses, the State established, out of the jury's presence, that Speagle was incarcerated following his 1980 conviction and released in 1984; he was convicted for another offense in 1988 and returned to prison; after he was released, his probation was revoked in 1991. Under such circumstances, the 1980 offense was not too remote to be admissible. In this instance, " 'the lapse of time between the prior occurrence[ ] and the offenses charged goes to the weight and credibility of such testimony, not its admissibility. [Cit.]' [Cit.]" *Brunson*, supra at 525.

3. Speagle also enumerates as error the insufficiency of the evidence to support his conviction of either burglary. Viewed in a light to support the verdict, the evidence was sufficient to support the conviction for the two burglaries beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED MAY 12, 1995 —
RECONSIDERATION DISMISSED JUNE 13, 1995 — 

*William T. Hankins III*, for appellant.

Ronald S. Speagle, *pro se*.

*J. Tom Morgan, District Attorney, Anne G. Maseth, Robert M. Coker, Assistant District Attorneys*, for appellee.