A97A0668. CLARK v. THE STATE.
(486 SE2d 393)

BLACKBURN, Judge.

Thomas Clark appeals his convictions of armed robbery, aggravated assault, and possession of a firearm during the commission of a crime in connection with the armed robberies of two convenience stores. Clark contends that the evidence was insufficient to support the verdicts. In addition, he contends that the trial court erred in allowing tainted identification testimony, testimony regarding a similar transaction, and testimony regarding a statement of a co-defendant. For the reasons discussed below, we affirm the convictions.

1. Clark contends that the evidence was not sufficient to support the convictions. Viewed in a light most favorable to the verdict, the evidence shows that, on December 20, 1992, Clark entered the Reynoldstown Store, a convenience store on Flat Shoals Road in Fulton County, armed with a handgun. Clark ordered two store employees, Antonio White and Deaundre Ward, to the floor and took money from one of them. Clark then forced White to open the store's cash drawer at gunpoint. After removing the money from the drawer, Clark ordered the employees into the back room and left in a pickup truck

driven by someone else. White and Ward identified Clark as the assailant at trial.

On December 28, 1992, Clark and another man, Chris Jackson, entered Jiffy Store, a convenience store on Moreland Avenue in Fulton County, about an hour before closing. Clark was wearing a green trench coat and Jackson was wearing a blue sweatshirt. Clark and Jackson both pulled out pistols, and Clark ordered the clerk, John Glymph, to get on his knees. They took money from Glymph's pockets and from the cash register. Clark and Jackson kicked and hit Glymph on the head and demanded he open the store safe. When Glymph replied that he did not have a key, he was struck on the head with a pistol. Glymph then said that there was some money in the cigarette cabinet. While Jackson was looking for the money, Glymph activated an alarm. Glymph also retrieved a shotgun kept at the store and fired one shot into the door. After one of the men fired a shot at Glymph, Glymph again fired his shotgun, hitting Jackson. Clark and Jackson then ran from the store.

A nearby Atlanta policeman, Detective Parham, heard gunshots and saw one of the robbers coming in his direction. The robber fired 12 to 14 shots into Parham's car, and Parham fired back 12 shots. Although Parham was not able to positively identify the individual, he stated that he was wearing a dark trench-type coat. Glymph positively identified Clark and Jackson as the assailants at trial.

The above evidence was sufficient to enable the jury to find Clark guilty beyond a reasonable doubt of the offenses of armed robbery, aggravated assault, and possession of a firearm in the commission of a felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. At trial, the court allowed the state to introduce evidence regarding an armed robbery committed by Clark in November 1980, to which Clark entered a guilty plea. Clark contends the trial court erred in allowing this evidence because there was not sufficient similarity among the different incidents and because the prior offense was too remote in time.

In the 1980 incident, Clark entered a small grocery store near closing time. He pointed a handgun at the store owner's wife and demanded money from the cash register. When the owner shouted, Clark pointed his pistol at him and fired three times, narrowly missing him.

"There is no requirement that a previous offense be absolutely identical to the one being prosecuted so as to make it admissible." (Punctuation omitted.) *Dobbs v. State*, 204 Ga. App. 83, 85 (3) (418 SE2d 443) (1992). "In determining admissibility of similar transaction evidence, the correct focus is upon the nature of the similarities, if any, between the extrinsic evidence and the crime charged, rather

than incorrectly focusing upon any differences that may exist." *Harris v. State*, 222 Ga. App. 52, 54-55 (473 SE2d 232) (1996). The 1980 incident was sufficiently similar to the 1992 robberies to allow introduction of evidence regarding the earlier offense. In each case, Clark entered a small convenience or grocery store with a handgun and demanded money from the cash register. In each instance, it appears that no customers were present when Clark entered the store. In both the 1980 incident and the Jiffy Store robbery, Clark actually fired his handgun. Accordingly, there were sufficient similarities to allow introduction of evidence regarding the 1980 offense.

Clark also contends that the 1980 incident was too remote in time to be considered, having occurred 12 years before the present robberies. However, "the lapse of time between the prior occurrences and the offenses charged goes to the weight and credibility of such testimony, not its admissibility." (Punctuation omitted.) *Simmons v. State*, 266 Ga. 223, 225 (466 SE2d 205) (1996) (lapse of 11 years does not render evidence of prior occurrence inadmissible as matter of law). Given the many similarities among the different robberies and the fact that Clark was apparently incarcerated for a period of time after conviction of the prior offense, "the 1980 offense was not too remote to be admissible." *Speagle v. State*, 217 Ga. App. 577, 580 (458 SE2d 852) (1995) (allowing evidence of burglary committed fourteen years prior to burglary for which defendant was charged, where defendant had been incarcerated for four years); see also *Harris*, supra (allowing evidence of robbery committed nine and one-half years before robbery for which charged).

3. Clark contends that Glymph's identification of him as the assailant in the Jiffy Store robbery was tainted by an impermissibly suggestive photographic procedure, and that the court thus erred in allowing Glymph's testimony. After the robbery, a police detective showed Glymph photographs of six individuals, including a four-year-old photograph of Clark. Glymph was unable to make a positive identification from the photographs, but stated that two of the photographs looked like the assailant. One of the two photographs he selected was the photograph of Clark. The detective then showed Glymph a single photograph of Clark taken on the day of his arrest. Glymph immediately identified Clark as the assailant. Glymph subsequently identified Clark in a physical line-up and again at trial.

"Even assuming, arguendo, that the original identification from a single photograph was impermissibly suggestive, in order to establish a due process violation appellant must also show a very substantial likelihood of irreparable misidentification. The factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the perpetrator at the time of the crime, the witness' degree of attention, the accuracy of the witness'

prior description of the perpetrator, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." (Citations and punctuation omitted.) *Ellison v. State*, 216 Ga. App. 639, 640 (1) (455 SE2d 361) (1995); see also *Lowe v. State*, 264 Ga. 757, 758 (2) (452 SE2d 90) (1994).

"Applying these factors, we find that the likelihood of misidentification was not very substantial." *Ellison*, supra at 640. The evidence demonstrates that the robbery lasted at least 15 minutes, that Glymph was attentive during the robbery, and that he had ample opportunity to view Clark at the time. Glymph gave police a general description of Clark after the robbery, identifying him as a black male wearing an olive green trench coat. Glymph's failure to positively identify Clark from the original photographic array was partially due to the fact that the photograph of Clark included in such array was four years old. Even with the old photograph, Glymph was able to narrow his selection to two individuals. When Glymph was shown a current photograph of Clark, he immediately identified him as the assailant. Glymph also picked Clark out of a subsequent physical line-up, and positively identified him at trial. Glymph never wavered in his identification, and stated that his identification was based on his view of Clark at the scene, and not on the photographs. "This testimony established a basis for the in-court identification independent of the single photograph; thus, we find no error in the admission of [Glymph's] identification." Id. at 640-641.

4. Clark contends the trial court erred in allowing Clarence Redmon, Jackson's brother, to testify regarding a statement made by Jackson. Redmon testified that, on the day of the Jiffy Store robbery, Jackson told him he was not going to work that day. Redmon denied that Jackson said he was going to be with Clark. When asked if Redmon had previously told a detective that Jackson said he had something to do with Clark later that day, Redmon denied that he had made such statement. The detective later testified that Redmon had made such statement.

Clark argues that admission of Jackson's alleged statement that he had something to do with Clark that day was error under *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968), because Jackson did not take the stand and was not subject to cross-examination. However, contrary to Clark's argument in his brief, Redmon did not testify that Jackson had made such statement, and in fact *denied* that he had made the statement.

Moreover, admission of the alleged statement through the subsequent testimony of the detective did not constitute a *Bruton* violation in any event, as it did not directly implicate Clark. "For the admission of a co-defendant's statements to constitute a *Bruton* violation

. . . the statements *standing alone* must *clearly inculpate* the defendant." (Punctuation omitted.) *Owens v. State*, 193 Ga. App. 661, 662 (388 SE2d 712) (1989). Jackson's alleged statement that he had something to do with Clark later that day does not, standing alone, clearly implicate Clark in the robbery of the Jiffy Store. Accordingly, admission of such statement does not violate *Bruton*.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED APRIL 11, 1997.

Before Judge Claiborne, pro hac vice.

*Christopher S. Warren*, for appellant.

*Lewis R. Slaton, District Attorney, Elizabeth W. Morn, Assistant District Attorney*, for appellee.