A97A2224. ABRAMS v. THE STATE.
(493 SE2d 561)

RUFFIN, Judge.

A jury found Darnell Abrams guilty of armed robbery and possession of a firearm during the commission of a crime. Abrams appeals, challenging the admission of certain testimony, the trial court's limitation on his closing argument, and the sufficiency of the evidence to support the convictions. For reasons which follow, we affirm.

Viewed in a light most favorable to support the jury's verdict, the evidence shows that Abrams used a gun to demand money from John Hardin. Hardin was working at a package store, John's Party Center, Inc., which is a corporation owned by him and his wife. Hardin and his employee, Harold Alexander, saw a man wearing a hood over his head enter the store carrying a nine millimeter gun. The man pointed the gun at Hardin and said, "I want your money." Hardin complied, and handed the man more than $2,000 in $20 bills. When the man left with the money, Hardin saw his car and called 911 with its description. A short while later the police saw the car, gave chase in their cars and later on foot, and eventually arrested Abrams. At that time, Abrams voluntarily told the police that he had gone into John's Party Center and that he knew the location of Hardin's money. Afterwards, the police took Abrams back to John's Party Center for Hardin and Alexander to identify. Because Abrams wore a hood during the robbery, Hardin and Alexander could only tell the police that Abrams was the correct height and wore the same clothing as the disguised man.

The police then took Abrams to jail where he made a second voluntary statement admitting his involvement in the robbery, but denying that he had a gun. Abrams also voluntarily gave a third statement to the police later that evening. Although the police recorded this third statement on audiotape, and the State played it for the jury, the court reporter did not transcribe the audiotape, and we do not have that statement for appellate review.

Abrams testified at trial and admitted entering John's Party Center, raising a gun, and demanding money. Abrams claimed, however, that a man named Holmes or Thess forced him to commit the robbery by holding Abrams at gunpoint. No other witness testified to seeing this second man during the robbery, although the police saw a second man, a passenger in Abrams' car, after the robbery.

1. In his first enumeration of error, Abrams argues that the trial court improperly admitted hearsay testimony. On appeal, we will uphold the trial court's admission of this evidence unless it is clearly erroneous. Cf. *Stovall v. State*, 216 Ga. App. 138 (453 SE2d 110) (1995). The record shows that a police investigator testified about the identification of Abrams by Hardin and Alexander. Over objection, the investigator testified that Hardin told him that Abrams "was the right size and the clothing was right." The investigator also testified that Alexander provided similar information. We find no error.

"A law enforcement officer is permitted to testify to a vocal fact of identification witnessed by himself without its being subject to a hearsay objection." (Citation and punctuation omitted.) *Neal v. State*, 211 Ga. App. 829, 830 (1) (b) (440 SE2d 717) (1994). Accordingly, based on *Neal*, the trial court properly admitted the investigator's testimony. The trial court also correctly admitted the investigator's statements because Hardin and Alexander testified about their identification of Abrams at the trial and they both were available for Abrams to cross-examine. See *Williams v. State*, 224 Ga. App. 665 (2) (482 SE2d 415) (1997); *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985) (purpose of the hearsay rule satisfied when declarant is in court and available for cross-examination). We therefore find no error in the trial court's ruling.

2. Next, Abrams contends that the trial court improperly limited his closing argument. On appeal, we review the record to determine if the trial court abused its discretion by limiting the scope of defense counsel's closing argument. *Morgan v. State*, 267 Ga. 203 (1) (476 SE2d 747) (1996). The trial court prohibited Abrams' counsel from highlighting for the jury a variance between the allegations of the indictment and the proof at trial. Hardin testified that Abrams stole money from his corporation, John's Party Center, and not from him personally, but the State alleged in the indictment that Abrams took Hardin's property. The trial court did not abuse its discretion in

prohibiting Abrams from making this improper argument.

"[O]ne charged with theft 'will not be heard to raise nice and delicate questions as to the title of the article stolen.' [Cit.]" *Holbrook v. State*, 209 Ga. App. 301, 303 (2) (433 SE2d 616) (1993). "Thus, the ownership of personal property, in an indictment for [armed robbery], may be laid in a bailee having possession of the property when it was stolen. . . ." (Citations and punctuation omitted.) *Jones v. State*, 156 Ga. App. 646 (276 SE2d 50) (1980). The indictment was sufficient as a matter of law, id., and the trial court should not have allowed Abrams to imply otherwise to the jury. Accordingly, the trial court correctly prohibited this argument. See *Robinson v. State*, 215 Ga. App. 125 (3) (449 SE2d 679) (1994). Thus, this enumeration is without merit.

3. In his final enumeration of error, Abrams argues that the evidence was insufficient to authorize the verdict. " 'On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine . . . witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]. Conflicts in the testimony of the witnesses . . . [are] a matter of credibility for the jury to resolve.' " *Porter v. State*, 224 Ga. App. 276, 279 (2) (480 SE2d 291) (1997). Consequently, "[t]he evidence is sufficient as a matter of law if, when viewed in the light most favorable to the verdict, a rational trier of fact could find all the essential elements of the crimes. [Cit.]" *Gable v. State*, 222 Ga. App. 768, 769 (1) (476 SE2d 66) (1996).

In this case, Abrams testified to every essential element of the offenses of armed robbery and possession of a firearm during the commission of a crime. See OCGA §§ 16-8-41 and 16-11-106. Abrams told the jury that he was at John's Party Center where he had a gun, he raised the gun and demanded Hardin's money from him, and then left with that money. Furthermore, the testimony offered by the State's witnesses corroborated Abrams' testimony that he went to John's Party Center and took money from Hardin at gunpoint. Although Abrams further claimed that another man forced him to do those things, no other witness testified to seeing a second man in the store. "Thus, the jury was faced with a conflict in the evidence. 'The jury resolved this conflict in favor of the State, and this Court will not substitute its judgment as to witness credibility for that of the jury.' [Cit.]" *Porter v. State*, supra at 279. We therefore conclude that the evidence, construed in a light most favorable to support the verdict, was sufficient to authorize a rational trier of fact to find Abrams guilty beyond a reasonable doubt of both offenses. See *Jackson v.*

*Virginia*, supra.
*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 4, 1997.

*Stanley C. House*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.