## A97A2146. JENKINS v. THE STATE.
(494 SE2d 311)

McMURRAY, Presiding Judge.

Defendant Jenkins appeals his conviction of the offense of armed robbery. *Held*:

1. Prior to trial, defendant filed a *Brady* (*Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963)) motion which resulted in the trial court conducting an in camera review of the prosecutor's file. The trial court concluded that the files did not contain evidence favorable to defendant. Defendant then requested that the prosecutor's file be copied, sealed, and preserved for possible use by the appellate courts. The trial court's denial of this motion to copy and seal the prosecutor's file for use by the appellate courts forms the basis of the first enumeration of error. However, defendant makes no specific claim that any particular exculpatory evidence was in fact suppressed and thus has no grounds to appeal the trial court's review of the prosecutor's file. Any error on the part of the trial court in refusing to make a record of the in camera inspection was harmless. *Barnes v. State*, 157 Ga. App. 582, 584-589 (2) (277 SE2d 916). See also *Bartlett v. State*, 196 Ga. App. 174 (1) (396 SE2d 31).

2. The remaining enumeration of error complains of the admission of identification testimony by the convenience store cashier who was robbed by defendant and co-defendant Dennis. Defendant complains that irreparable misidentifications occurred due to suggestive photographic and lineup identification procedures.

Three days after the robbery, the cashier identified defendant and co-defendant Dennis from an array of eight photographs. Defendant contends the photographic array was suggestive because the photographs of himself and co-defendant Dennis were noticeably different than the other photographs used in that they were on a different type of paper, with different backs, and were not numbered as the other photographs used in the photo array.

Subsequently, the cashier identified defendant and co-defendant Dennis from a lineup. Defendant complains that the lineup was impermissibly suggestive in that both he and co-defendant Dennis were included in a group of only five, and that the other three members of the group were distinctly different in appearance from them-

selves and from the description of the perpetrators given to police by the cashier.

Nonetheless, even if it is assumed that the identifications by photograph and lineup were impermissibly suggestive, in order to establish a due process violation defendant must also show a very substantial likelihood of irreparable misidentification. "The factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the perpetrator at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the perpetrator, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." (Citations and punctuation omitted.) *Ellison v. State*, 216 Ga. App. 639, 640 (1) (455 SE2d 361). See also *Clark v. State*, 226 Ga. App. 176, 178 (3) (486 SE2d 393).

When these factors are applied to the circumstances of the case sub judice, we find no substantial likelihood of misidentification. The armed robbery took place inside a well-lighted convenience store. The cashier testified that she had good eyesight with her glasses which she had on at the time of the robbery and that she had no problem in seeing. Both defendant Jenkins and co-defendant Dennis stood as close as two feet from the cashier during the robbery and were within view of the cashier for two to three minutes during the robbery. The cashier gave a general description of the robbers as two males, nineteen to twenty-one years of age, and clean shaven. While the cashier recalled her estimate of the robbers' height as "five three and five eleven," the police officer who responded to the scene of the robbery recalled her estimate as "five foot five to five foot eight." During colloquy both defendant and co-defendant Dennis represented their height as five feet nine inches. Upon viewing the photographic array, the cashier positively identified defendant and co-defendant Dennis. This identification was repeated at the lineup 12 days after the robbery. The cashier never wavered in her identification and positively identified both men at trial. The totality of the cashier's testimony established a basis for the in-court identifications independent of the photographic array and lineup. The trial court did not err in admitting the cashier's identification testimony. See also *Phillips v. State*, 204 Ga. App. 698, 699 (1) (420 SE2d 316) and *Banks v. State*, 203 Ga. App. 355 (416 SE2d 866).

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED NOVEMBER 25, 1997.

*Celia Larsen*, for appellant.

*Ralph M. Walke, District Attorney, Nelson, Gillis & Smith, James S. Smith, Jr.,* for appellee.